Alexander Del Giorno, J.
Claimant brings this motion for an order directing the State of New York to file an appraisal with the Clerk of the court and serve a copy thereof - upon its *1055 attorney of record pursuant to rule 25a of the Rules of the Court of Claims.
On or about April 1, 1967, pursuant to section 30 of the Highway Law, the State appropriated claimant’s property. Shortly thereafter, two appraisers representing the State of New York inspected claimant’s place of business for the purpose of ascertaining the value of claimant’s trade fixtures. Needless to say, claimant also had an appraisal of said fixtures made by an expert of its own choosing. Subsequent thereto, in compliance with rule 25a, both the claimant and the State filed four copies of their appraisals with the Clerk of the court who thereafter forwarded a copy of the appraisals to the opposing parties. The problem which has arisen, and which precipitated the making of the instant motion, is that the State of New York, although indisputably having commissioned two appraisers to make a survey and prepare an appraisal report, filed only one of these appraisals with the Clerk of the court. The claimant on this motion argues that the two appraisals must be filed, and copies of both forwarded to it. The State, conversely, argues that there is no requirement under the rule that this procedure be followed. The contention is that either party is free to file or not file any appraisal it chooses, but in the event of a failure to file an appraisal by either party ah order of preclusion results. (See Rules of Court of Claims, rule 25a, subd. 5, par. [a].)
Prior to the enactment of rule 25a, the general rule was that opinions of experts prepared for litigation were not obtainable unless the material could no longer be duplicated because of a change in conditions and withholding it would result in injustice or undue hardship. (CPLR 3101, subd. [d], par. 1.) With the enactment of 25a, however, the appraisal report was removed from the immunity provided under this section and placed in that category of documents subject to disclosure prior to trial. That such a procedure was desirable is reflected in the subsequent enactment of CPLR 3140, empowering the Appellate Division in each judicial department to adopt similar rules. Almost immediately implementation of this section was enacted in all four judicial departments.
Although the language of the rule adopted in each department varies to some extent, the requirement of filing is specifically limited in all four to those appraisal reports intended to be used or relied upon at the trial. This wording is in accord with CPLR 3140, which similarly directed that any rule governing the exchange of appraisal reports be applicable only to those intended for use at the trial. In view of this, it would appear *1056 that neither the Legislature nor the courts, in enacting and adopting these various provisions, intended to require that all appraisal reports be filed or exchanged regardless of when or why prepared. Any other interpretation would render meaningless the restrictive clauses contained therein.
Since all of the above enactments, including rule 25a, relate to the same subject matter, they are in pari materia and must be construed together. (See City of Buffalo v. Ives, 55 Misc 2d 730.) Of all the rules relating to appraisal reports, 25a is the only one that does not contain the afore-mentioned restrictive clause, “ intended to be used or relied upon at trial.” Nonetheless, that the requirement for filing contained therein was intended to encompass only such appraisal reports seems abundantly clear. Under the provisions of paragraph (a) of subdivision 5, the parties are precluded from offering proof relating to any matter not contained in their filed appraisal report. If it were intended that all reports had to be filed and necessarily, therefore, exchanged, the reason for the inclusion of the above sanction would be nonexistent.
In ruling as it does, the court does not intend to hold, nor does it hold, that any appraisal report which has been prepared, but not filed, cannot be the proper subject of a request for production. There may come a time when the use of such a report may be permitted, such as for purposes of impeachment or for use as an admission. (Cf. Matter of City of New York [Brooklyn Bridge], 50 Misc 2d 478.) The court holds only that the mere preparation of such a report does not, without more, make it available on a motion for discovery. The motion is denied.