James H. O’Connor, J.
The plaintiff moves this court for an order pursuant to Special Rule of the Appellate Division of the Supreme Court for the Fourth Judicial Department relating to the Exchange of Appraisal Reports in Proceedings for Condemnation, Appropriations and Review of Tax Assessments enacted pursuant to CPLR 3140 requiring the defendant to furnish to the plaintiff a complete appraisal report including the maps and plans to which reference is made in said report. The motion further seeks an order precluding the defendant from offering at the trial any and all evidence and testimony as to the value of the defendant’s land upon its failure to comply with this requested order of discovery.
The plaintiff indicated in the moving papers that the underlying proceedings are in condemnation and that proceedings before the Commissioners of Appraisal are still pending. A copy of the plaintiff’s appraisal report was prepared and served upon the defendant and a demand for the defendant’s appraisal report was made and received. A copy thereof was attached to the moving papers. It is the plaintiff’s claim that since the defendant’s appaisal report allegedly relies upon and incorporates therein certain plans for subdivision and development of defendant’s property, that said maps and plans should also be supplied.
The defendant cross-moves for an order of preclusion which would provide that in the event the defendant is compelled to furnish the plaintiff with maps and plans that the plaintiff be precluded from offering at the trial its own maps and plans unless it agrees to the simultaneous exchange of the maps and plans of plaintiff’s own maps and plans.
The Special Rule of the Appellate Division, Fourth Department relating to the Exchange of Appraisal Reports (22 NYCRR 1039. 14 [b]) which was adopted pursuant to direction of CPLR 3140 sets forth in paragraph [b] thereof a concise statement as to what the appraisal reports shall contain. Paragraph [b] states as follows: “ The appraisal reports shall contain a statement of the method of appraisal to be relied on and the conclusions as to value reached by the expert, together with the facts, figures and calculations by which the conclusions were reached. If sales, leases or other transactions of comparable properties are to be relied on, they shall be set forth with such particularity as to permit the transactions to be readily identified, and the report shall contain a clear and concise statement *386 of every fact which a party will seek to prove in relation to value.” This Special Rule was .adopted pursuant to CPLR 3140 which itself is an exception to the provisions of CPLR 3101 (subd. [d]). The latter statute makes immune from disclosure, with certain qualifications, the opinion of an expert prepared for litigation. (City of Buffalo v. Ives, 55 Misc 2d 730, 733.)
There is nothing in either CPLR 3140 or the Special Rule of the Appellate Division, Fourth Department, which could lead this court to the position that the maps and plans which were created by the defendant are so integral a part of the appraisal report as to be considered part of the report itself and therefore subject to exchange. A clear reading of subdivision [b] of the Special Rule does not indicate that the Appellate Division, Fourth Department contemplated anything other than the furnishing of a .report which must be complete as to the conclusions reached by the experts together with the facts, figures and calculations by which the conclusions were reached. If this rule contemplated the production of maps and plans, it would have said so.
There has been no precedent decision cited to this court interpreting the Special Rule but it is this court’s decision that the maps and plans which were taken into consideration by the defendant’s expert were in effect material prepared for litigation pursuant to CPLR 3103 (subd. [d], par. 2) and that CPLR 3140 and the Special Rule relating to the Exchange of Appraisal Reports of the Fourth Judicial Department did not change such exempt status.
For the above reasons the plaintiff’s motion should be denied and the defendant’s cross motion also denied as being unnecessary.