J. Robert Lynch, J.
The appearing defendants, whose properties have been condemned by the plaintiff, have served a demand that the plaintiff’s director produce at his examination before trial all appraisals of their properties made by or on behalf of the plaintiff. The plaintiff moves now for an order protecting it against such a disclosure. The parties have agreed that the demand for production is not intended to include those appraisals that will actually be used by the plaintiff on the trials since these will be produced in any event under the special rule of the Appellate Division, Fourth Department relating to the exchange of appraisal reports before trial. (See Civil Prac. Annual, 1969, Matthew Bender, Special Rule 17, Appellate Division, Fourth Department, p. 9-64; 22 NYCRR 1024.24.)
It is the plaintiff’s contention that its other appraisals, although not to be used on the trial, were in fact prepared for the litigation and should be exempt from disclosure. Although it is not precisely stated we assume that its argument, referenced to the law, is that these appraisals are exempted under CPLR 3101 (subd. [d]) as having been prepared for litigation and, not being intended for use at the trial, they have not lost their exemption under the enabling provisions of CPLR 3140.
We cannot say that every appraisal which has been prepared for possible use upon the trial is for that reason alone an appraisal intended to be used on the trial so as to be disclosed under the exchange rule. (Cf. City of Buffalo v. Ives, 55 Misc 2d 730.) We do hold however, that appraisals which are not *567 exclusively prepared for the litigation are discoverable (City of Watertown v. Jerry’s Watertown Rest., unreported, Sup. Ct., Jefferson County, May 25, 1967, affd. 29 A D 2d 847).
The plaintiff’s director’s affidavit states that the appraisals sought to be protected were ‘1 secured by the agency for, among other purposes, the purpose of possible litigation ”. Not having been prepared solely for the litigation the protection sought for them must be denied.