■ In the Matter of the CITY OF NEW YORK, Appellant-Respondent, Relative to Acquiring Title to Real Property for Arverne II, Stage II, Urban Renewal Project, in the Borough of Queens. DEN ROBERT REALTY CO., INC., Respondent-Appellant; OCEANVIEW TERRACE, Appellant.—In a condemnation proceeding, (1) the condemnor (city) appeals from so much of a fourth supplemental separate and partial and final decree of the Supreme Court, Queens County, dated January 15, 1975, as, after a nonjury trial, made an award for Damage Parcels Nos. 926–927 and (2) the claimants, Den Robert Realty Co., Inc., and Oceanview Terrace, cross-appeal from so much of the

said decree as made awards to them for their respective damage parcels. Fourth supplemental separate and partial and final decree modified, on the law and the facts, without costs or disbursements, by increasing the award for Damage Parcels Nos. 928–938 and 940–948 from $287,500 to $351,700. As so modified, the said decree is affirmed insofar as appealed from, without costs or disbursements. Oceanview Terrace's property was income-producing, and the economic approach was properly used. However, the trial court utilized a single over-all capitalization rate of 11%. Although an over-all rate of capitalization is useful, it may be vulnerable unless it is based upon separate capitalization rates computed by one or another residual method on land and buildings (see *Matter of City of New York [First Elephant Estates-La Hermosa Church]*, 17 AD2d 317, 321). Although the trial court valued the land at $205,500 it did so by allocating such value after having first valued the entire property by the over-all capitalization rate. The record supports the city's value of $156,900 for the land, and we accept that figure. Since there had been no vacancies in the property for five years before the taking, the trial court properly made no allowance therefor. It properly adopted the city's figure for expenses, which finds support in the record. The record also supports the factors of 6.5% for income attributable to land and 11% for the capitalization of income attributable to buildings. The gross rental income of Oceanview Terrace's parcel is $53,525 which, less expenses of $21,900, leaves a net income of $31,625. We attribute therefrom to the land $10,198 ($156,900 at 6.5%), leaving the sum of $21,427, which is attributable to the building. This sum we capitalize at 11%, producing $194,790 as the value of the building $21,427/.11 = $194,790). These found values ($194,790 and $156,900) produce a total of $351,690 (rounded-out to $351,700) as the fair market value of the property. The award should therefore be increased accordingly. The record supports the court's award of $213,000 to the claimant Den Robert Realty Co., Inc. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Titone, JJ., concur.