Abraham N. Geller, J.
On the trial of this condemnation proceeding claimants have served notice of application to the court for the signing and issuance of subpoenas duces tecum directed to the Corporation Counsel requiring the production of all real estate appraisals prepared by four named appraisers. These four independent real estate experts were appointed by the Corporation Counsel as appraisers in connection with this contemplated urban renewal project and submitted appraisals more than two years before title vesting date. The Federal regulations concerning urban renewal projects require two independent appraisals to be made and submitted and, in this matter, it appears that the city had two appraisers submit appraisals on about half of the parcels involved and two other appraisers submit appraisals on the remaining parcels. On the trial of the proceeding the city is offering as its expert witnesses two of the four appraisers, one from each group. This, of course, is entirely proper, as well as saving trial expenses. But the question remains as to whether such prior or other appraisals are subject to disclosure and admissible to any extent in evidence.
*480 In order to keep the question here involved in proper focus, some reference should first be made to the various aspects of the rather complex and controversial subject of disclosure and use of appraisals, when and to what extent authorized.
Although production is here sought on trial rather than before trial, the conditions to warrant disclosure set forth in CPLR. 3101 (subd. [d], par. 1) are equally applicable, that is, opinions of experts prepared for litigation are not obtainable unless the material can no longer be duplicated because of a change in conditions and withholding it will result in injustice or undue hardship. Such conditions do not exist here, since claimants have had no difficulty in presenting their own expert testimony in proof of their claims. Thus, insofar as any appraisals were prepared solely for litigation, they are not obtainable. Incidentally, while not here involved, it might be noted that there has been a trend toward requiring pretrial exchange of appraisals intended to be used on the trial by the parties, in view of the special problem in condemnation cases where the litigation turns on the conflicting opinions of experts (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3101.36, 3101.52a; rule 25a of the Buies of the Court of Claims, eff. March 1, 1965; recommendation of the Judicial Conference in its 1966 Beport to the Legislature to add a new subdivision to CPLR 3101 authorizing court rules to make provisions for exchange of appraisals in condemnation and tax certiorari cases).
This application is divisible into two parts: (1) production of any other appraisals by city’s expert witness; (2) production of appraisals made by any other experts for the city.
As to (1), there is no question regarding the use of any other appraisals made by the witness himself relevant and pertinent to the proceeding to impeach his credibility by showing that he made a prior statement inconsistent with his testimony on the trial. They are required to be produced for that purpose and to be used to that limited extent on the witness’ cross-examination, which will afford him the opportunity to explain any apparent inconsistency. This principle is, of course, also applicable in theory to claimants’ expert witnesses but it may be expected that, in view of the city’s record-keeping requirements, it will have force only with respect to city’s expert witness.
As to (2), it is necessary to analyze very carefully the problem of when and for what purpose appraisals prepared for the city by experts who are not called to testify may be used by claimants at the trial. If prepared solely for litigation, they may not be *481 used, absent a showing of nonduplieability and injustice or undue hardship; and this rule operates equally in favor of claimants who may have rejected other appraisals made on their behalf.
It should be understood that these other city experts may not be called to testify as witnesses on claimants’ behalf. Where a party does not lack expert testimony of his own choosing, an expert engaged by the opposing party may not be thrust into the unethical position of accepting a retainer from both sides (Gugliano v. Levi, 24 A D 2d 591; Ramacorti v. Boston Redevelopment Auth., 341 Mass. 377; see, also, People ex rel. Kraushaar Bros. & Co. v. Thorpe, 296 N. Y. 223).
The problem, then, narrows down to the question of whether and how their appraisals may be used at the trial. The basis generally for admissibility would be if any appraised value of a particular damage parcel contained in such appraisals constituted an admission against interest on the part of the city, that is, a statement which amounts to a prior acknowledgment that one of the facts relevant to the issues is not as now claimed by the party. The mere fact that other appraisals are submitted to the city could not in itself amount to an acknowledgment or admission by the city. But ‘ ‘ whenever it appears that a party to the record has adopted the statements of another person and made use of them for any purpose connected with the case, such statements are receivable as admissions against that party” (Richardson, Evidence [9th ed.], § 327; see, also, rule 63(8) of the Uniform Rules of Evidence [Amer. Law Inst.]).
However, as to appraisals used for the purpose of establishing recommended prices for settlements or purchase by the city of any of the subject property, no evidence is receivable by statute (Administrative Code of City of New York, § B15-16.0, subd. c) as well as under the general rule that an offer of settlement or purchase is inadmissible to show market value. Also, with respect to an appraisal submitted to the Corporation Counsel for the purpose of making an advance payment not exceeding 75% of such appraisal (Administrative Code, § B15-29.0), the purposes underlying the concept of advance payments would be frustrated if such appraisal were to be permitted in evidence (Brummer v. State of New York, 25 A D 2d 245). In Lieberthal v. State of New York (22 A D 2d 831, 833, affd. 16 N Y 2d 1012) the court said: “ The State, of course, has the right to make an advance payment to a claimant without prejudice to the rights of the parties subsequently decided on the trial,”
*482 But here it would appear that the city did adopt certain appraisals and make use of them for a purpose connected with the case other than for settlement, purchase or advance payments. This is an urban renewal project involving the assistance of the Federal Government. Pursuant to the applicable Federal law and regulations, appraisals are submitted to the Federal authorities as part of the application for a loan, which is then advanced on account of the final costs adjusted after awards by the court.
Such appraisals, vouched for by the city in submitting them or the resultant appraised values to obtain a loan from the Federal Government, should be admissible in evidence to the extent that any appraised value therein of a particular damage parcel constitutes an admission against interest with respect to the corresponding appraised value testified to by the expert witness offered by the city (cf. Matter of City of New York [Bleecker St.], 43 Misc 2d 173, as to appraisals in an assessable proceeding made by the Department of Beal Estate and submitted to the Board of Estimate).
As to the use of any such appraisals, only the final appraised value of a parcel, if indicative of a higher value as of title vesting date than that testified to by city’s expert witness, would be admissible in evidence as bearing upon the weight to be given to the appraisal being offered by the city on the trial of the proceeding. The city’s witness may not be cross-examined with respect to any such appraisal not made by him. If such prior appraisal shows a value equal to or less than that testified to by the city’s witness, but it is claimed to indicate a higher value as of vesting date, it -would be admissible only if it is a higher value than that shown as of that comparable date by the prior appraisal of city’s expert witness. Since the basis of admissibility is solely as an admission against the city, if shown, the factual data entering into any such appraisals, which would be relevant if such appraiser were testifying, are not admissible. It is only the resultant appraised value made use of by the city which can be the basis for admissibility into evidence on the ground that it constitutes an admission against interest with respect to the position taken on the trial by the city.
The application is accordingly granted to the extent indicated. This applies to all claimants without the necessity of applying for the signing and issuance of subpoenas duces tecum.