Michael Catalano, J.
Plaintiff seeks condemnation of real property to become an addition of Public School No. 17, at the southwest corner of Main Street and Delavan Avenue, Buffalo, New York, consisting of Parcel A, known as 1842 Main Street, owned by defendant Albert R. Ives (Ives) and Parcel B, known as 1838 Main Street, owned by defendants Paul P. Dosberg and Harry E.- Dosberg (Dosbergs). Ives and Dosbergs moved at the trial’s threshold for an order directing plaintiff to produce for admission in evidence the appraisal reports of these parcels by Lawrence A. Grant, an expert appraiser.
After plaintiff’s Common Council directed the Comptroller to purchase Parcel A, he reported October 7, 1966 that he had obtained an option from Ives to purchase it for $85,000; the assessed valuation was $20?300; the Grant appraisal was $78?500; *731 •' ‘ it is the opinion of this office that the asking price is substantially in excess of the appraisal figure, therefore, this office recommends acquisition of this property through condemnation.”
Thereafter, on December 6, 1967, the Common Council resolved that the Corporation Counsel proceed to acquire Parcel A by condemnation ‘ ‘ and to retain and employ such appraiser or appraisers as he deems necessary ” (emphasis supplied). December 16, 1966, Robert W. Hopkins, an expert appraiser, reported to the Corporation Counsel a value of $72,000. December 29, 1967, William R. Albright, an expert appraiser, reported to Ives a value of $103,500. The Hopkins and Albright appraisals were exchanged by counsel, but plaintiff’s Corporation Counsel refused to produce the Grant appraisal.
CPLR 3140 provides: “Notwithstanding the provisions of subdivisions (c) and (d) of section 3101, the appellate division in each judicial department shall adopt rules governing the exchange of appraisal reports intended for use at the trial in proceedings for condemnation ” (L. 1967, ch. 640, eff. Sept. 1, 1967; emphasis supplied). “ The legislature no longer supports a policy of immunity for appraisals.” (McKinney’s Cons. Laws of N. Y. Book 7B, CPLR 3140, Practice Commentary by David D. Siegel.)
May 17, 1967, the Appellate Division, First Judicial Department, amended rule XVIII of part 1 of the Rules of the Supreme Court for New York and Bronx Counties, 1(a), reading in part, as follows: “ In all proceedings for the determination of the value of property taken pursuant to eminent domain * * * the attorneys for the respective parties shall file with the Clerk of the court, not later than 10 days before the date set for trial, one copy * * * of all appraisal reports intended to be used at the trial.” (Eff. Sept. 1, 1967; emphasis supplied.)
July 11, 1967, the Appellate Division, Third Judicial Department, adopted a special rule (a), reading in part, as follows: “ In all proceedings for the determination of the value of property taken pursuant to eminent domain * * * the attorneys for the respective parties shall file with the Administrative Judge of the judicial district in which the proceedings are pending, not later than 30 days before the date set for trial, one copy * * * of a report of each appraiser or expert witness whose testimony is intended to be relied upon at the trial, with proof of service upon each adversary of a notice of the filing of such reports.” (Eff. Sept. 1, 1967; emphasis supplied.)
October 26, 1967, the Appellate Division, Second Judicial Department, adopted a new part Eleven of its rules, rule I (a), *732 reading in part, as follows: “ In all proceedings for condemnation * * * where the determination of the value of real or personal property is in issue, the attorneys for the respective parties shall file with the Clerk of the trial court, not later than 10 days before the date set for trial, any appraisal reports intended to be used at the trial, together with a separate copy of such report for each adverse party to the claim.” (Eff. Nov. 1, 1967; emphasis supplied.)
November 30, 1967, the Appellate Division, Fourth Judicial Department, adopted a special rule, providing, in part: “ a. In all proceedings for the determination of the value of property taken pursuant to eminent domain * * * the attorneys for the respective parties shall serve upon their adversaries, not later than 20 days before the date set for trial, a copy of all appraisal reports intended to be used at the trial. (Emphasis supplied.) * * * e. Upon the application of any party on such notice as the court shall direct, the Special Term may, upon good cause shown, relieve a party of a default in the service of a report, extend the time for exchanging reports, or allow an amended or supplemental report to be served upon such conditions as the court may direct. No such application shall be entertained after the trial of the issues has been begun, except, in the discretion of the Trial Justice, in unusual and extraordinary circumstances.” (Eff. Jan. 1, 1968.)
CPLR 3140 and the rules of the four Appellate Divisions adopted pursuant thereto, although one be a legislative statute and the others court-made rules, are in pari materia, to be construed together. (See McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 221.)
CPLR 3140 refers to “ appraisal reports; ” the First and Fourth Department rules, “ all appraisal reports; ” the Second Department rule, ‘ ‘ any appraisal reports; ’ ’ the Third Department rule, “ a report of each appraiser or expert witness. ’ ’
The Fourth Department was the last to enact its rule, having the choice of words used by the other three departments. It selected “ all,” neither “ any ” nor “a”. “ All ” is the broadest and most inclusive word. It follows that this rule intends to cover “ all appraisal reports ” constituting a “ full disclosure of all evidence material and necessary in the prosecution or defense of an action ”. (See CPLR 3101, subd. [a]; emphasis supplied.)
The quest of justice shall always be the truth, the whole truth and nothing but the truth. Justice fails of fulfillment with anything less.
*733 Generally, “ there shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action ” (CPLR 3101, subd. [a]).
But when “ the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship ” the following shall be obtainable: ‘1 any opinion of an expert prepared for litigation ”, otherwise it may not (CPLR 3101, subd. [d],par. 1).
In Fourth Department condemnation proceedings, a copy of all appraisal reports intended to be used at the trial shall be exchanged by counsel, regardless of whether or not they can be duplicated. (Spec. rule, 4th Dept., per CPLR 3140.) This rule returns all said appraisal reports to the general rule of full disclosure, or it is an exception to the exception excluding expert opinions. Semantics aside, the Fourth Department mandates the disclosure of all appraisal reports intended to be used at the condemnation trial, regardless of their past, present or future use as an appraisal.
In the words of Presiding Justice Williams, Fourth Department : “ a party should not be permitted to obtain more than one appraisal and then use only the lower or lowest and withhold the other or others.” (Brummer v. State of New York, 25 A D 2d 245, 247.)
Here, plaintiff’s Comptroller used public funds to obtain the Grant appraisal of Parcel A at $78,500; plaintiff’s Corporation Counsel again used public funds for the Hopkins appraisal at $72,000. Now plaintiff’s counsel wishes to have the option to submit the lower and withhold the higher. If such practice were permitted, the reductio ad absurdum would permit a limitless number of appraisals to be had until counsel should receive the lowest which he may use at the trial, withholding all others.
Before the effective date, January 1, 1968, of the Fourth Department rule, the courts have ordered the production of appraisal reports in condemnation proceedings when prepared by the Department of Real Estate, Corporation Counsel and Comptroller for submission to the Board of Estimate in acquiring property for the City of New York, as admissions against interest. (Matter of City of New York [Bleecker St.], 43 Misc 2d 173,174,175.) Although the city’s witness may not be cross-examined with respect to any appraisal not made by him, the resultant appraised value used by the city can be admitted into evidence as an admission against interest. (Matter of City of New York [Brooklyn Bridge], 50 Misc 2d 478, 482; Matter of Port Auth. Trans-Hudson Corp., 27 A D 2d 32, 39; City of Buffalo v. Strozzi, 54 Misc 2d 1031, 1034.)
*734 Generally, a witness may not be compelled to give bis opinion as an expert against bis will (People ex rel. Kraushaar Bros. & Co. v. Thorpe, 296 N. Y. 223, 225) except when he is the defendant in a malpractice action. (McDermott v. Manhattom Eye, Ear & Throat Hosp., 15 N Y 2d 20, 29.)
Procedurally, this motion should have been brought at Special Term, but since “ good cause ” has been shown, since this Fourth Department rule had been in effect for 12 days before it was instituted and the Bar has not had 20 days before the date set for trial within which to exchange reports, and since the trial of the issues has not been begun, it is proper and timely.
As to Parcel B owned by the Dosbergs, the Grant appraisal for the Comptroller was “ over $50,000; ” the Hopkins appraisal for the Corporation Counsel was $32,000; the Bowen appraisal for the Dosbergs was $68,000.
Therefore, plaintiff should serve upon each of its adversaries a copy of the Grant appraisal of Parcels A and B.
Motions granted.