Henry W. Lengyel, J.
This is a claim for the appropriation of claimants’ land pursuant to section 30 of the Highway Law.
During the course of the trial claimants’ counsel called the State’s Senior Bights of Way Agent as a witness. He elicited from said witness that a prior appraisal had been prepared for subject property by a staff appraiser. Said appraisal was marked for identification but was not offered in evidence, although claimants’ counsel stated for the record that said appraisal established a damage' figure of $10,510. The damage figure utilized by the State at the trial was $7,900. The State vigorously objected to the production of said appraisal. We reserved decision on said objection. After a review of the pertinent authority, we now .sustain said objection and strike said testimony. We have not considered or relied upon the information placed before us relative to said appraisal.
The question of the use of prior appraisals at the trial of an appropriation claim or condemnation proceeding has developed a substantial amount of heat. Beeent cases have shed some light on the problem but it still appears to be in a rather murky area.
As a general proposition, all of the Trial Judges of this court would, in my opinion, concur absolutely with Judge G-ualtieri, who stated in Murphy v. State of New York (41 Misc 2d 906, 908): “No .self-respecting expert, conscious of the ethics and standards of his profession should change an opinion, honestly and properly arrived at at the behest of the party engaging him. * * * The condemning authority has no moral right to seek out cheap or low appraisals but .should *309 be willing and prepared to pay the property owner full and just compensation. Those representing the property owner are just as guilty if they seek to obtain experts who will testify to exorbitant and unbelievable values. * * * The practice of tampering with opinions of experts * * * must be condemned.” Too many of the appraisals presented by either or both parties in other claims tried before us, fortunately not in this claim, have caused us to reflect upon the utter frustration that must have beset Diogenes. The sooner such contretemps are brought to an absolute halt, the better it will be for all parties concerned. Possibly the Legislature, in conjunction with the 'State Bar Association and responsible real estate appraisal societies, should explore whether licensing and administrative controls, with teeth, might not have a salutary effect on the over-all appraisal situation, including the problem of multiple appraisals.
It has been clearly established that an appraisal prepared by an expert who is not called as a witness and which was intended to be utilized solely for litigation; or, for negotiation in an effort to accomplish a settlement prior to trial; or, to establish a basis for the partial payment to be made to the claimant pursuant to subdivision 13 of section 30 of the Highway ■Law, is not admissible on the trial. (Murphy v. State of New York, 29 A D 2d 81, 82; Lieberthal v. State of New York, 22 A D 2d 831, 833, affd. without opn. 16 N Y 2d 1012; Brummer v. State of New York, 25 A D 2d 245, 249. Cf. City of Buffalo v. Ives, 55 Misc 2d 730.) One exception to the above is that all prior appraisals prepared by an expert witness called to testify or by the appraisal firm by whom that appraiser is employed must be produced upon proper demand. Such appraisals are admissible, if relevant and germane to the proceeding, when utilized to impeach said witness’s credibility by developing prior statements inconsistent with his testimony at the trial. (Matter of Port Authority Trans-Hudson Corp. [Hudson Rapid Tubes Corp.], 27 A D 2d 32, 39, mod. 20 N Y 2d 457; City of Watertown v. Jerry’s Watertown Rest. & Hotel, Sup. Ct., Jefferson County, May 25, 1967, Lynch, J., affd. without opn. 29 A D 2d 847; Matter of the City of New York [Brooklyn Bridge], 50 Misc 2d 478, 480.) We further find that all appraisals filed under rule 25a of the Buies of the Court of Claims, whether made by the witness called to testify or by another appraiser totally unrelated to said witness, may be utilized by an adversary as an admission against interest relative to factual descriptive data, the before and after market values and the damage figures. As stated in Schade v. State *310 of New York (Claim No. 46353, Nov. 13, 1967): “ Once an appraisal is filed by either side and thereby adopted by that party he cannot object to its being received in evidence at least as an admission against interest, notwithstanding the fact that the filing of a subsequent appraisal is permitted by court order.” In our opinion, the key is the actual filing of the appraisal, pursuant to rule 25a or the rules which have been promulgated by the appellate departments, and not the obtaining of the appraisal with the preliminary or primary intention of using it in litigation. There may be cogent legal reasons why a capable counsel may not wish to file an appraisal obtained for litigation purposes and seek out another appraisal. He should not be beset at trial with an unfiled incompetent appraisal which was not prepared by the appraiser called to testify or by his appraisal firm. (Cf. City of Buffalo v. Ives, supra.) However, if it can be clearly established that such unfiled appraisal was primarily prepared and adopted for purposes other than litigation, then, said appraisal may be admissible as an admission against interest. As stated in Matter of City of New York (Bleecker St.) (43 Misc 2d 173, 174): “ Section 3101 CPLR exempts from disclosure the work product of an attorney (subd. [c]), and material prepared for litigation such as an expert opinion or writing created by a party or his agent in preparation for litigation (subd. [d]). * * * Insofar as subdivision (d) is concerned, there is no indication that the appraisals sought were prepared exclusively for litigation, and even if they were prepared with litigation in mind, this was not the dominant purpose of their preparation. * * * There is no question that the material sought may be admissible at the trial if a proper foundation is laid as an admission against interest ”. (Emphasis added.) (See Simon v. Etgen, 213 N. Y. 589, 599; City of Buffalo v. Strozzi, 54 Misc 2d 1031, 1034; Work Prod. in New York, 53 Cornell L. Q. 98, 105.)
Justice J. Robert Lyjstch, in the unreported decision of City of Watertown v. Jerry’s Watertown Rest. & Hotel (supra) in ruling on a motion for protective order stated: “ The City need not produce appraisals prepared solely for the litigation herein. It must produce other appraisals made by the same experts it will call as witnesses herein. It must produce the appraisals used on its application for federal urban renewal approval whether they were made by the experts it will call as witnesses in this litigation or by others.” It must be clearly and fully developed that the party for whom the appraisal *311 was prepared adopted it and primarily utilized it for purposes other than litigation. (See Matter of the City of New York [Gowanus Expressway-Headley], 21 N Y 2d 786, 787.) To attempt to develop such foundation at trial, without having previously resorted to the examination and discovery devices of the CPLR, would be extremely difficult.
The claimants are awarded the sum of $15,205, for all damages direct and consequential plus fair rental value, with interest thereon from April 8,1965 to October 8,1965 and from March 15, 1966 to the date of entry of judgment herein.