Frank X. Altimari, J.
After a jury trial of four consolidated actions arising out of an intersection collision involving several parties and claims for personal injury and property damage, a verdict for plaintiffs Mary Arestivo and Angelo Arestivo was returned against Mary Ann Minieri, awarding $4,500 to Mary Arestivo and $150 to Angelo Arestivo. The verdict also included an award of damages to Helen Matusewitz against Mary Ann Minieri for $4,000. The actions for property damage, by stipulation, all abided the event and judgments were entered in the stipulated amounts.
Immediately, following the verdict of the jury, the attorney for Mary Ann Minieri, plaintiff-defendant, moved to set aside the verdict on the following grounds; (a) that the court erred in refusing to allow Anna Vilardi and Barbara Vilardi to be examined as to the contents of a bill of particulars verified by Anna Vilardi in the companion unconsolidated action, and (b) that, the award to Mary Arestivo was excessive.
After oral argument the motions were denied. This application is deemed to be one to reargue the denial of said motion to set aside the verdict and to direct a new trial.
The testimony on the trial established that on the 9th day of September, 1965, Helen Matusewitz was driving an automobile in which Barbara Vilardi was a passenger. At an intersection controlled by a traffic signal device, the Matusewitz vehicle was in collision with a vehicle driven by Mary Ann Minieri. Mary Arestivo was a passenger in the Minieri vehicle. Five actions were instituted. Four of the five actions were consolidated. The action by Barbara Vilardi, an infant, brought by her mother Anna Vilardi, was not so consolidated.
During the course of the trial Barbara Vilardi (the infant plaintiff in the unconsolidated action) testified to the effect that she was a passenger in the automobile driven by Helen Mar tus ewitz at the time of the accident. That, the Matusewitz vehicle *238 entered the controlled intersection where the accident occurred while the traffic signal light was green controlling the traffic on the street upon which the Matusewitz vehicle was proceeding.
In the unconsolidated action brought by Anna Vilardi on behalf of her infant daughter Barbara Vilardi, the bill of particulars verified by Anna Vilardi, set forth certain allegations as to how the accident happened. Ooneededly, the bill of particulars and the testimony by the infant Barbara Vilardi were at variance. In this application Mary Ann Minieri complains that the court erred in declining Mary Ann Minieri’s request to cross-examine the infant Barbara Vilardi by reference to the bill of particulars verified by Anna Vilardi in the unconsolidated action.
While a party may establish for the purpose of impeaching a witness that an adversary witnéss has on a prior occasion made statements which are inconsistent with some material part of his testimony, it is our judgment that a bill of particulars verified by a parent in a representative capacity is not a prior inconsistent statement of an infant who happens to be the adversary witness sought to be impeached. (See Larkin v. Nassau Elec. R. R. Co., 205 N. Y. 267; Joseph v. Griesman Trucking Co., 265 App. Div. 590.)
Additionally, Mary Ann Minieri called Anna Vilardi as a witness and like her daughter Barbara, Mrs. Vilardi was not a party to this consolidated action, and testified that she was not a witness to the accident and that she had brought an action on behalf of Barbara Vilardi against Mary Ann Minieri and Helen Matusewitz. At that point counsel for Mary Ann Minieri attempted to examine Anna Vilardi by reference to the bill of particulars verified by her in the unconsolidated action by the Vilardis against Minieri and Matusewitz. The court refused to permit such examination and in this application Mary Ann Minieri claimed that such ruling was error.
While it is true that any party may seek to impeach his own witness by seeking to prove that the witness had made a prior statement inconsistent with his present testimony where it is shown that such statement was made in writing and subscribed by the witness or was made under oath, the rule would not appear to have any application to the circumstances disclosed here. (See CPLR 4514; Brown v. Western Union Tel., 26 A D 2d 316.) When the alleged prior inconsistent statement was made (the verified bill of particulars) it is quite apparent that the witness Anna Vilardi had not been a witness to the accident. Prior to its ruling concerning Mary Ann Minieri’s attempt to cross-examine Anna Vilardi by reference to the bill of partieu *239 lars the court determined from the witness, out of the presence of the jury, that the witness had not seen the accident and that the bill of particulars was signed and sworn to by her on the basis of information supplied to her.
It is worthy to note that during the voir dire conducted by the court in the absence of the jury, the mother of Barbara Vilardi testified that her daughter, Barbara Vilardi, recalled the happening of the accident immediately after same and indicated that the Minieri vehicle violated the red light and that the vehicle operated by Matusewitz was proceeding into the intersection while the light was green. The court at that time was satisfied that the testimony of Anna Vilardi was totally consistent with the testimony offered by the infant, Barbara Vilardi. The only value in permitting further testimony of Anna Vilardi would be to impeach Anna Vilardi and no one else. The collateral nature of this attack would have no true probative value as to the happening of the accident.
Mary Ann Minieri makes much of the fact that the bill of particulars was not made upon information and belief, and whatever criticism should be made of Mrs. Vilardi’s conduct in that regard, if any, it is not material here since the court is satisfied that the bill of particulars was not a prior inconsistent statement within the contemplation of CPLR 4514.
As to Minieri’s claim that the jury’s award of $4,500 to Mary Arestivo for her personal injuries was excessive, it should be noted that Mary Arestivo did not call any physician to testify on her behalf. However, other proofs of evidence, together with testimony given by Dr. Simmons concerning Mrs. Arestivo’s injuries, the doctor being called to testify by Mary Ann Minieri, was sufficient proof upon which the jury could base the amount awarded to Mrs. Arestivo.
Accordingly, plaintiff-defendant Mary Ann Minieri’s motion is in all respects denied.