■ SHERWIN G. SWARTOUT et al., Respondents, v. STATE OF NEW YORK, Appellant.— Order unanimously reversed, without costs, and motion denied. Memorandum: It was error to direct disclosure by the State of the appraisal report secured by it in July, 1967 but not filed or exchanged by it in accordance with Rule 1200.27 of the Court of Claims (22 NYCRR 1200.27). Defendant's affidavit asserts that the report was "prepared and used exclusively for the purpose of negotiation and settlement." Claimants have made no showing controverting that statement. Thus, the report enjoys the conditional immunity from disclosure conferred on material prepared for litigation by CPLR 3101 (subd. [d]). Since the report is not one which the State intends to use on trial, it is not removed from the conditional immunity by CPLR 3140 (see Practice Commentary by David Siegel, McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3140, pp. 687–688). Nor does it appear that there was an adoption of the appraisal by the State which would permit its use as an admission against interest (see *Niagara Falls Urban Renewal Agency* v. *Clifton Holding*, 43 A D 2d 900). If claimants wish to examine employees of the State familiar with the use to which the appraisal report was put for the purpose of demonstrating that it was in fact not prepared and used exclusively for the purpose of negotiation and settlement in connection with the claim generated by this appropriation and therefore not immune from disclosure (*City of Binghamton* v. *Arlington Hotel*, 30 A D 2d 585), the proper procedure is a formal motion in the Court of Claims on which that court may render a determination. No such decision is before us at this time, since the court declined to pass on the request for an examination before trial because of procedural impropriety. Finally, since the State affirmed on the argument before us that it will not call the preparer of the July, 1967 appraisal report as a witness at the trial, it does not become discoverable as impeachment evidence. (Appeal from order of Court of Claims granting motion for discovery and inspection.) Present — Marsh, P. J., Moule, Cardamone, Mahoney and Del Vecchio, JJ.