■ C. TAYLOR WETTLAUFER et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 58332.)—Judgment unanimously modified, on the law and facts, and, as modified, affirmed, with costs to claimants, in

accordance with the following memorandum: Claimants appeal from the Court of Claims award of $333,940 plus interest and urge that the award be increased asserting that the court erred (1) by failing to include land value in the award, (2) in computing the amount of usable building area, (3) in allowing management and vacancy and rent loss expense in its computation of economic rent, and (4) by refusing to direct production of a prior inconsistent appraisal of subject property. Claimants' entire premises consisting of 47,464 square feet of improved property located in downtown Buffalo was appropriated. A complex of 13 different commercial and industrial buildings ranging from one story to six stories in height was located on the property. All of the buildings were connected and substantially used and occupied as a unit by the H. D. Taylor Company which conducted a family-operated wholesale distribution business. The family owned both stock in the company and the subject property; various family members owned separate parts of the real property. Claimants' appraiser treated the property as an assembled whole and employed the market value, cost and income approach to arrive at a value. The rentable space of the building was computed to be 121,333 square feet, of which 17,570 square feet was basement area. The State's appraiser divided the property according to ownership in four separate parcels, A, B, C and D, and employed the market data and income approach to arrive at his estimate of value. He found that the property contained "114,186 square feet of usable area above ground" consisting of 108,224 square feet on parcel A (33,824 first floor and 74,400 upper floor area), 532 square feet on parcel B, 2,800 square feet on parcel C and 2,630 square feet on parcel D. He utilized only the market data approach in evaluating parcel B, which was vacant except for 532 square feet of a garage extending from parcel A. Since the subject property is commercial income-producing property, the most appropriate method of evaluation, as the lower court determined, is the income approach *(Kurnick v State of New York,* 54 AD2d 1098). Claimants do not challenge this determination or the capitalization rate which the court adopted and concede them to be within the range of expert testimony and supported by evidence in the record. The court's failure to use separate capitalization rates on land and buildings, a preferred technique *(Matter of City of New York [Den Robert Realty Co.],* 52 AD2d 877, 878) was not erroneous. The subject property is an assemblage in which both the land and improvements have an undivided claim on the income which the subject property can produce. Under these circumstances the use of an over-all capitalization rate, when the subject property "presents a situation where one integrated figure for the value of the entire property based on use and derived from the synthesis of land and building would result in just compensation" *(Sweet v State of New York,* 34 AD2d 1086, 1087), has been sanctioned. In applying the income approach to determine value, the court rejected claimants' appraiser's computation of usable area which included the basement area and adopted the State's allocation of the rental areas. The court found that the "State's appraiser computes the usable area to be 108,224 square feet, which includes an area of 33,824 square feet of first floor space and a total of 74,400 for upper floors". The court adopted claimants' appraiser's conclusion of fair and economic reasonable rent, and the State's appraiser's capitalization rate and calculated a value based on 108,244 square feet of first and upper floor rental income in arriving at claimants' damages. It is evident from the record that the court in relying upon the State's computation of usable area included only the building area in parcel A (108,224 square feet) and neglected to consider the total "usable area(s)" including

parcels B, C and D as found by the State's appraiser (114,186 square feet). An attempt by the State to justify this omission, as a finding of usable area within the range of the expert testimony supported by the evidence and adequately explained by the trial court, is without substance or merit. The omission results obviously from a factual error by the court, which is unsupported by the record. Where the trial court has failed to make appropriate findings and there is sufficient evidence in the record from which these findings may be made, they may be made by this court without the necessity of a new trial *(Snyder Air Prods. Co. v State of New York,* 33 AD2d 873, 874). The court's computations indicate that no consideration was given to the additional 5,962 square feet of usable area on parcels B, C and D. The record reflects that the award should have been computed on 39,876 square feet of first floor rental area and 74,400 square feet of upper floor rental area, and that claimants' damage for the total taking should be fixed in the amount of $383,600 (rounded). Claimants' other contentions are without merit. Claimants' appraiser used a vacancy loss and management fee in computing economic rent, and testified as to the propriety of these expenses, which were certainly within the range of expert testimony; their use by the court was justified. The trial court erred in refusing to direct production of the prior appraisal of the subject property made by the expert witness called by the State to testify and in refusing to permit inquiry into an appraisal made of neighboring land by the State appraiser *(Sullivan v State of New York,* 57 Misc 2d 308, 309; *Matter of City of New York [Brooklyn Bridge],* 50 Misc 2d 478, 480; cf. *Matter of Port Auth. Trans-Hudson Corp.,* 27 AD2d 32). Claimants' attorney, however, was allowed to cross-examine the expert witness as to all aspects of the prior appraisal. Any error of the lower court was harmless and does not warrant a reversal. Claimants are entitled to an award in the sum of $383,600 for all damages with appropriate interest. (Appeal from judgment of Court of Claims—appropriation.) Present—Marsh, P. J., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.