■ In the Matter of BARKER's STORES et al., Respondents, v BOARD OF REVIEW OF THE CITY OF AUBURN et al., Appellants.—Order unanimously reversed, without costs, and new trial granted. Memorandum: Petitioner Barker's Stores initiated these proceedings under article 7 of the Real Property Tax Law seeking review of the assessments of two parcels of property in the City of Auburn for the tax years, 1976-1977, 1977-1978 and 1978-1979. The first parcel is a 20-odd-store shopping plaza and the second is 35,000 square feet of land improved by a fast food restaurant. The parties agreed upon capitalization of income as the appropriate valuation method; however, petitioners' appraiser capitalized actual contract rents received from the property, and respondents' appraiser capitalized an economic rent figure derived from comparable leases. The case was referred to a referee who accepted petitioners' contract rent capitalization and ordered the assessments reduced and the excess taxes refunded. On appeal respondents board of review et al., contend that the referee erred in accepting petitioners' contract rents rather than their economic rents. They assert that the properties' value should be determined by capitalizing rents which the properties could have commanded rather than the rents which were actually received. Real property assessments are presumed valid and the challenger has the burden of proving that they are erroneous by clear and convincing evidence *(Matter of Nezelek Dev. Corp. v City of Binghamton,* 61 AD2d 1108). Where contract rents are disproportionately below economic rents, capitalization of the contract rents does not produce full value for tax assessment purposes and the economic rents should be considered *(Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau,* 45 NY2d 538). Here, the contract rents advanced by petitioners are substantially lower than the economic rents advanced by respondents. In addition, respondents challenge the accuracy of petitioners' figures and have supplied their own contract rent appraisal derived from a "Tenant Work Sheet" supplied by petitioners which shows rentals higher than the amounts petitioners use in their actual rent appraisal. The record contains no clear and convincing evidence sustaining either set of contract rent figures. Thus, we are unable to review the contract rent theory and cannot determine whether the contract rents are disproportionate to the economic rents, requiring application of the economic rent theory. Further, respondents' economic rent appraisal was deficient in that it did not contain details of the comparable

leases if used. All of the terms and covenants of such comparable leases must be carefully examined to make certain that such leases are, in fact, comparable. In addition, there may be factors outside of the leases, such as tenant participation in the cost of construction or differences in the strength of major tenants' credit ratings which may affect comparability. Respondents also contend that the referee erred by allowing a 3% vacancy factor against actual rents. Where actual rents are utilized as a basis for capitalization, vacancies which occurred are fully reflected without application of a vacancy factor (see *Roosevelt Nassau Operating Corp. v Board of Assessors of County of Nassau,* 68 Misc 2d 183, affd 41 AD2d 647). Finally, since a new trial is required, we do not need to consider the referee's exclusion from evidence, pursuant to 22 NYCRR 1024.24, of respondents' supplementary appraisals. We observe, however, that inasmuch as petitioners were neither surprised nor prejudiced by these appraisals, the referee should have received them (see *Matter of G.T.I. Co. [Mid-Hudson] v Assessor & Assessment Bd. of Review of City of Kingston,* 88 Misc 2d 806). (Appeal from order of Cayuga Supreme Court—art 7 of the Real Property Tax Law.) Present—Simons, J. P., Hancock, Jr., Callahan, Witmer and Moule, JJ.