■ In the Matter of METROPOLITAN LIFE INSURANCE COMPANY, Respondent-Appellant, v TAX COMMISSION OF THE CITY OF NEW YORK et al., Appellants-Respondents.—Judgment, Supreme Court, New York County, entered April 18, 1979, reducing the tax assessments on petitioner's real property for the tax years 1975/1976 through 1977/1978, unanimously reversed, on the law, the petition dismissed and assessments reinstated, with costs. This consolidated tax certiorari proceeding was brought on to review the real estate assessments for the tax years 1975/1976 through 1977/1978 levied against property of Metropolitan Life Insurance Company, located at 1 Madison Avenue and 11 Madison Avenue, New York, New York, comprising the entire two blocks between Madison and Park Avenue South, and 23rd and 25th Streets. Section 306 of the Real Property Tax Law directs that real property be assessed at its full value. The basis for the assessment utilized herein was the value of the land and buildings based on capitalization of the potential net income of the building. Both sides presented expert appraisers. The city's expert used the single tenant standard for rental space, taking into consideration the peculiar characteristics unique to the buildings, such as cafeteria, gymnasium, pneumatic mail service, frontage on the park and their prestigious appearance. Metropolitan's experts, utilizing the multiple tenant standard, acknowledged that the buildings had unique features, but found that these features were a disadvantage when applied to multiple tenants. The area, around Madison Avenue and 23rd Street, was regarded as third class. The cafeteria was considered unusable, as such, for multiple tenants because of no ingress and egress to and from the street, and was probably more suitable for storage space. The pneumatic mail system was claimed to be a hindrance. The Supreme Court, after trial, reduced the assessments for the three years without reciting the underlying basis for its conclusions as required by subdivision 2 of section 720 of the Real Property Tax Law. Both sides appealed to this court; the city contending that the court below erred in reducing the assessments, Metropolitan contending that they were not sufficiently reduced. There is a presumption of validity of an assessment by the taxing authority, and the burden is imposed on the petitioner to show by substantial evidence that the assessments are excessive (Matter of General Motors Corp. v Finance Administrator of City of N. Y., 70 AD2d 843; Matter of Union Carbide Corp. v Finance Administrator of City of N. Y., 70 AD2d 844; Matter of Trinity Place Co. v Finance Administrator of City of N. Y., 72 AD2d 274). In the present proceeding petitioner claims it has met its burden of proof. It claims the evidence adduced as to value based upon capitalization of potential net income supports a substantially lower valuation. According to petitioner, these buildings despite their exteri-

ors are normal office buildings. Its valuation approach not only ignores their unique features, but discounts them in valuing the buildings for the purpose of assessment. Testimony in the record illustrates that these lobbies, cafeteria, gymnasiums, auditorium, monumental exteriors and frontage on the park with unshadowed air, are such as may not be found in other buildings in this city. Having these unique characteristics, it is appropriate to take into consideration their additional value. This warrants rejection of the method of valuation used by the petitioner and justifies the conclusion that petitioner has failed to meet its burden by adducing competent evidence that the assessments were excessive. Petitioner having failed to meet its burden of proof the assessments are reinstated. (See *Matter of Trinity Place Co. v Finance Administrator of City of N. Y., supra; Matter of Union Carbide Corp. v Finance Administrator of City of N. Y., supra; Matter of General Motors Corp. v Finance Administrator of City of N. Y., supra; Matter of Xerox Corp. v Ross,* 71 AD2d 84.) Concur—Sandler, J. P., Sullivan and Carro, JJ.

Silverman, J., concurs in a memorandum as follows: While I doubt that the cafeteria, gymnasium and auditorium as such are much more than tenants' alterations which do not affect the taxable value of the real property, I agree that petitioners have failed to meet their burden of proof.