■ In the Matter of JAMES MANNO, Respondent, v FINANCE ADMINISTRATOR OF THE CITY OF NEW YORK et al., Appellants. — In consolidated proceedings to review the assessments on certain real property for the tax years 1976-1977, 1977-1978 and 1978-1979, the Finance Administrator and Tax Commission of the City of New York appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Kassoff, J.), dated December 1, 1981, as reduced the assessments for the tax years in question on lots 32 and 36 of block 573 in the Borough of Queens. Judgment reversed, insofar as appealed from, on the law and the facts, without costs or disbursements, the assessments on lots 32 and 36 for the years in question are reinstated and confirmed, and the petitions are dismissed. On a prior appeal in this matter, we declined to pass upon the merits of the appeal, and remitted the matter to Special Term for findings of fact as required by section 720 of the Real Property Tax Law and a new determination (see *Matter of Manno v Finance Administrator of City of N. Y.*, 80 AD2d 917). Upon the remittitur, Special Term made the requisite findings of fact and adhered to its original determination. We reverse. In a proceeding such as this, it is the petitioner who bears the burden of overcoming the presumption of validity which attaches to assessments by the taxing authority, and of proving by substantial evidence that the assessments in question are excessive (see *Matter of Trinity Place Co. v Finance Administrator of City of N. Y.*, 72 AD2d 274, affd 51 NY2d 890). To this end the petitioner relied on the testimony of a single appraiser, who capitalized the income from one allegedly comparable building in arriving at his estimate of value. Upon analysis, however, it appears that the building employed as a "comparable" was markedly dissimilar from the petitioner's own building, as it was a one-story industrial building, with unpainted concrete block walls and floors, no central heating or air conditioning and only two washrooms. By way of contrast, the petitioner's building is a two-story commercial building operated as a catering establishment, is located in a different geographical area, has finished walls and floors, a finished basement, 10 washrooms, a kitchen, an elevator and central heating and air conditioning. Moreover, the petitioner's appraiser admitted that his "comparable" was an inferior building, and adjusted its rental value upward by approximately 50% in arriving at his estimate of value for the petitioner's building. The testimony of petitioner's appraiser, based solely upon his analysis of this one markedly dissimilar building, does not support his conclusions on value, and is not sufficient to satisfy the petitioner's burden of proof. Petitioner having failed to demonstrate by substantial evidence that the property in question was overvalued, the assessments in question must be reinstated and the petitions dismissed on the merits (see *Matter of Rock-Time, Inc. v Finance Administrator of City of N. Y.*, 75 AD2d 526, app dsmd 53 NY2d 704). Mollen, P. J., Damiani, Thompson and Gulotta, JJ., concur.