■ In the Matter of CARRIAGE HOUSE MOTOR INN, INC., Appellant, v CITY OF WATERTOWN et al., Respondents.—Order affirmed without costs. Memorandum: In this appeal from an order dismissing the petition in a RPTL article 7 tax certiorari proceeding, petitioner argues that the trial court applied an incorrect standard of proof to overcome the presumption of validity of the assessments. In *Matter of Barker's Stores v Board of Review* (74 AD2d 994), this court stated that "[r]eal property assessments are presumed valid and the challenger has the burden of proving that they are erroneous by clear and convincing evidence *(Matter of Nezelek Dev. Corp. v City of Binghamton,* 61 AD2d 1108)." The Third Department, which wrote the *Nezelek* decision, has since held that "it is well settled that there is a presumption of validity of an assessment by the taxing authority and the burden is imposed on petitioner to show by substantial evidence that the assessments are excessive" *(Matter of Adirondack Mountain Reserve v Board of Assessors,* 99 AD2d 600, 601, *affd* 64 NY2d 727). The overwhelming weight of authority supports the view that a party challenging an assessment must overcome the presumption of validity by substantial evidence, as opposed to the greater standard of clear and convincing evidence *(see, for example, Matter of Metropolitan Life Ins. Co. v Tax Commn.,* 85 AD2d 525, *affd* 57 NY2d 964; *Matter of Manno v Finance Adm'r of City of N. Y.,* 92 AD2d 896; *Matter of Trinity Place*

*Co. v Finance Adm'r of City of N. Y.,* 72 AD2d 274, 275, *affd* 51 NY2d 890). We conclude that substantial evidence is the appropriate test to be applied and that our statement in *Barker's Stores (supra)* to the contrary should no longer be followed.

We conclude that applying the less exacting standard of substantial evidence to the proof offered in this case the trial court properly held that petitioner failed to meet its burden of overcoming the presumption of validity of the tax assessments.

Contrary to the view expressed by the dissenters, we find that the court did not err in admitting an earlier appraisal report on the subject property prepared by another member of the appraisal firm in which petitioner's expert witness was employed. This report may be used, at the court's discretion, to impeach the witness' credibility as a prior inconsistent statement *(Wettlaufer v State of New York,* 66 AD2d 991, 993; *Sullivan v State of New York,* 57 Misc 2d 308, 309).

All concur, except Callahan, J. P., and Balio, J., who dissent and vote to reverse and grant the petition in accordance with the following memorandum.

Callahan, J. P., and Balio, J. (dissenting). We agree with the majority that the presumptive validity of an assessment is overcome when the petitioner presents substantial evidence that the assessment was excessive, but we conclude that petitioner satisfied that burden and that the judgment should be reversed.

In making its independent determination that petitioner failed to rebut the presumption of validity, the majority does not reveal any factual findings or analysis to support its conclusion. This omission is significant because (1) the trial court made an erroneous finding regarding the assessed value of the subject premises (the undisputed evidence is that the assessment was $2,793,900, not the $2,383,900 figure found by the trial court), (2) the trial court made no findings as to the value of subject premises, (3) the majority finds no defect in petitioner's proof, and (4) the evidence presented by petitioner unequivocally demonstrates that the assessment was excessive.

Substantial evidence is the burden of proof necessary to support administrative determinations *(People ex rel. Vega v Smith,* 66 NY2d 130, 139) as well as the evidentiary burden required to rebut certain presumptions *(see,* 4 Bender, New York Evidence § 230.04 [1], [3]; Richardson, Evidence § 58, at

37 [Prince 10th ed]). Substantial evidence is less than a preponderance of the evidence and simply "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). It is " 'the kind of evidence on which responsible persons are accustomed to rely in serious affairs' " *(People ex rel. Vega v Smith, supra,* at 139, quoting *National Labor Relations Bd. v Remington Rand,* 94 F2d 862, 873). In subject instance, the appraisers for both parties used the market data and capitalization of income approaches to value, both of which are commonly accepted approaches to valuation. Accepting, arguendo, the trial court's determination that the sales considered in the market data analyses were not truly comparable and that the capitalization of income approach was the more reliable indicator of value *(see, Wettlaufer v State of New York,* 66 AD2d 991), evidence of the value of subject premises indicated by the income approach of petitioner's appraiser and other pertinent proof amply supports a finding that the assessment was excessive. Both appraisers considered the property's actual income and expenses over the prior three-year period and then stabilized those expenses to arrive at a net income. Based upon the uncontroverted testimony of petitioner's appraiser that the actual economic experience would be important to a prospective purchaser, the net income developed by petitioner based upon the property's actual history was far more probative than the stabilization method employed by the city's appraiser, which included comparisons with national averages and another property in Cortland, New York, that did not reflect the market experience of the Watertown area or subject premises. Moreover, attempts to discredit the income approach of petitioner's appraiser were unsuccessful. The net income indicated by the property's actual operations for the tax years 1983 and 1984 were close to the figure developed by petitioner's appraiser and substantially lower than the city's figure, and the net income indicated by a prior 1976 appraisal of subject premises, when properly considered *(see,* discussion of this point, *infra),* fully supports the value conclusion of petitioner's appraiser. In sum, the income approach and value conclusions of petitioner's appraiser constituted, beyond peradventure, the kind of evidence upon which reasonable persons would rely and thus, was substantial evidence that the assessment was erroneous. Having rebutted the presumption by substantial evidence, the presumption vanished, and petitioner then had the burden of proving by a

preponderance of the credible evidence that its property was overvalued *(see, People ex rel. Wallington Apts. v Miller,* 288 NY 31, 33, *rearg denied* 288 NY 672; Lee and LeForestier, Review and Reduction of Real Property Assessments in New York § 7.02 [2d ed]). In our view, petitioner also satisfied that burden.

During cross-examination of petitioner's appraiser, respondent offered as evidence an appraisal report of subject premises that had been prepared in 1976 by a different appraiser employed by the same appraisal firm as the witness. The court admitted the prior appraisal for impeachment purposes as a prior inconsistent statement. Since the trial witness did not make the prior statement or rely upon any of the valuation calculations or conclusions contained therein, we conclude that the court erred by admitting the appraisal.

The theory which supports utilization of prior inconsistent statements is that talking one way on the witness stand and another way on another occasion raises doubt as to the truthfulness of both statements and hence, the probative value of either statement *(see,* 3A Wigmore, Evidence § 1000 [Chadbourn rev 1970]; McCormick, Evidence § 34 [Cleary 3d ed]). Instead of utilizing the assertions of other witnesses to show the contradiction, "we resort simply to the witness' *own prior statements,* in which he has given a contrary version" (3A Wigmore, Evidence § 1017, at 993 [emphasis in original]). As a foundation for admission of the prior inconsistency, the witness must be asked if he made the statement *(see,* Richardson, Evidence § 502; McCormick, Evidence § 37).

The requirement that the prior statement be one made by the witness has been the common law of this State for more than a century *(see, Sloan v New York Cent. R. R. Co.,* 45 NY2d 125 [1871]; *see also, Larkin v Nassau Elec. R. R. Co.,* 205 NY 267; *Rodriguez v Zampella,* 42 AD2d 805; *City of Buffalo v Ives,* 55 Misc 2d 730, 733) and has been followed even in those instances where the prior statement was made by a person having the same legal interest in the case as the witness *(see, Arestivo v Matusewitz,* 60 Misc 2d 236). The courts in New York and elsewhere have been especially reluctant to dilute the requirement *(see, for example, Phillips v Town of Marblehead,* 148 Mass 326, 19 NE 547 [where the court determined that a report made jointly with others could not be admitted as a prior inconsistent statement of the witness because the value opinion set forth in the report did not reflect the witness' individual opinion]; *McKinnon v Skil Corp.,* 638 F2d 270 [where the court upheld the trial court's

refusal to allow defendant's expert, who was as an employee of the defendant, to be impeached by prior statements of the company that the witness had not signed and about which the witness had no personal knowledge]), and we perceive no reason to abandon the rule in this case.

The trial court's apparent reliance upon *Sullivan v State of New York* (57 Misc 2d 308) was, in our view, misplaced. In *Sullivan (supra,* at 309), the court stated, "prior appraisals prepared by an expert witness called to testify *or* by the *appraisal firm* by whom that appraiser is employed * * * are admissible, if relevant and germane to the proceeding, when utilized to impeach said witness's credibility by developing prior statements inconsistent with his testimony at the trial. *(Matter of Port Authority Trans-Hudson Corp. [Hudson Rapid Tubes Corp.],* 27 A D 2d 32, 39, mod. 20 N Y 2d 457; *City of Watertown* v. *Jerry's Watertown Rest. & Hotel,* Sup. Ct., Jefferson County, May 25, 1967, Lynch, J., affd. without opn. 29 A D 2d 847; *Matter of City of New York [Brooklyn Bridge],* 50 Misc 2d 478, 480.)" (Emphasis added.)

This statement was dictum, and a review of the cases cited demonstrates that the dictum does not apply to the facts of this case. Neither *City of Watertown (supra)* nor *Matter of City of New York (supra)* involved the admissibility as a prior inconsistent statement of an appraisal report prepared by someone other than the witness, and in *Matter of City of New York (supra,* at 482), the court specifically stated that "[t]he city's witness may not be cross-examined with respect to any such appraisal *not made by him"* (emphasis added). This court took the same position in a discovery case, stating, "[S]ince the State affirmed on the argument before us that it will not call the preparer of the July, 1967 appraisal report as a witness at the trial, it does not become discoverable as impeachment evidence" *(Swartout v State of New York,* 44 AD2d 766).

In *Matter of Port Auth. Trans-Hudson Corp. (PATH, supra),* the value report submitted as evidence at trial and two prior value reports of the same property had been prepared through the collaborative efforts of several employees in a firm and submitted as the firm's reports. During cross-examination of an officer of the firm, counsel sought to introduce the prior reports into evidence as an admission against interest. The Second Department concluded that the court erred in refusing to admit the prior reports as admissions against interest and further opined that the reports could have been admitted as prior inconsistent statements *(Matter of Port Auth. Trans-*

*Hudson Corp. [Hudson & Manhattan Corp.], supra,* at 39-40). Since all of the reports were submitted by the "firm" as reports of the "firm", testimony in support of the "firm" reports could be presented only through the testimony of its employees, and the firm's credibility could be impeached only through cross-examination of those witnesses. The factual circumstance of the instant case is much different. The appraisal report submitted by petitioner as evidence of value constituted the work product and value conclusions of the trial witness, not the "firm", and the prior appraisal reflected the work product and value conclusions of a different appraiser. There is no indication whatever that the witness used or relied upon the valuation methods, figures, or calculations considered by the appraiser in the earlier report, and the trial record unequivocally indicates that, contrary to the situation in the *PATH* case, the appraisal firm makes no opinions and does not collectively submit reports. In sum, the appraisal placed in evidence by petitioner and the prior appraisal were not appraisals by the firm that employed the trial witness, but constituted the separate and independent analysis and conclusions of two appraisers. In our view the analysis and opinions of one expert cannot be utilized as the analysis and opinion of another expert even in those instances where they are employed by the same firm absent proof that the witness participated in, used, or relied upon that analysis and opinion in such a manner that it became the witness' own statement.

*Wettlaufer v State of New York* (66 AD2d 991, *supra)* does not support the majority's conclusion regarding use of the prior appraisal report. In *Wettlaufer,* this court did not hold that the prior report was admissible as a prior inconsistent statement. Instead, the court noted that the trial court erred by refusing to allow further inquiry into a report prepared by the State's appraiser. We would support that statement in *Wettlaufer* for the simple reason that such further inquiry might have revealed that the prior report could have been received in evidence as an admission against interest *(see, Erie Lackawanna Ry. Co. v State of New York,* 54 AD2d 1089; *Cronk v State of New York,* 100 Misc 2d 680, 683).

The trial court also improvidently exercised its discretion by admitting the prior report because it lacked impeachment value. Where a prior appraisal is based upon different facts, assumptions and circumstances that materially affect is probative value for impeachment purposes, it should be excluded for lack of relevance *(see, State Dept. of Highways v Mahaffey,* 697 P2d 773, 777 [Colo App]; *Department of Transp. v Wright,* 169

Ga App 332, 312 SE2d 824). The sales considered in the prior appraisal were substantially remote in time to the tax status dates in this proceeding and were not truly comparable, and the occupancy and capitalization rates used in the prior appraisal differed substantially from the capitalization rate stipulated to by the parties as well as the actual occupancy rate of petitioner's motel. Indeed, if the actual occupancy rate experienced by the motel operation (50%) and the stipulated capitalization rate are applied to the capitalization of income calculations set forth in the prior appraisal, the value indicated by that appraisal would be highly consistent with the value conclusion indicated in the appraisal of the trial witness.

Accordingly, we respectfully dissent and vote to reverse the judgment. Since there is sufficient evidence in the record before us, the court should have exercised its power to independently review and make the findings that should have been made by the trial court (see, Wettlaufer v State of New York, supra, at 993). (Appeal from order of Supreme Court, Jefferson County, Inglehart, J.—Real Property Tax Law art 7.) Present—Callahan, J. P., Doerr, Green, Balio and Davis, JJ.