■ CMRC CORPORATION, LTD., Respondent, v STATE OF NEW YORK, Appellant. [704 NYS2d 219] —Order, Court of Claims, New York County (S. Michael Nadel, J.), entered March 11, 1999, which directed defendant to provide to claimant, at least two weeks before trial, a prior appraisal prepared by the same expert the State used to prepare its trial appraisal, reversed, on the law, without costs, and claimant's motion for the appraisal report dated November 22, 1995 denied.

The motion court improvidently exercised its discretion when it ordered the State to turn over an appraisal report dated November 22, 1995. The report, which was prepared in contemplation of the settlement of an eminent domain proceeding, "enjoy[s] the conditional immunity from disclosure which is conferred on material prepared for litigation by CPLR 3101 (d)" (*Schad v State of New York*, 240 AD2d 483, 484). To the extent that the report might become relevant and discoverable for the purpose of impeaching the State's appraisal expert at trial, disclosure at this juncture is premature. We note that if the State chooses to call the expert to testify, a reasonable adjournment will sufficiently protect claimant's right to cross-examination, but we also note the possibility that the State may choose not to call the expert as a witness. In sum, we cannot agree with the dissent that the cloak of immunity protecting the State's appraisal report may presently be removed merely because, at some point in the future, the material sought may become discoverable. Concur—Williams, J. P., Saxe and Friedman, JJ.

Rubin, J., dissents in a memorandum as follows: Acting under its power of eminent domain, defendant-appellant State of New York (hereinafter defendant) appropriated premises known as 617-635 West 23rd Street, located in the City and County of New York. Pursuant to EDPL 303, the State made a prevesting offer to claimant-respondent to acquire the property for the amount of $4,865,000. The property was appropriated on September 16, 1996 and, on April 25, 1997, defendant made an advance payment in this amount. The statute requires defendant to offer 100 percent of the "highest approved appraisal" (EDPL 303, 304 [A] [1]).

The appraisal ultimately filed by the State with the Court of Claims and exchanged with plaintiff (Uniform Rules for Ct of Claims [22 NYCRR] § 206.21 [b], [d]), however, valued the premises at only $3,600,000. At issue on this appeal is whether the State should be required to disclose, before trial, the previous appraisal, compiled by the same expert, which presumably valued the premises at the higher figure. The State has resisted discovery on the ground that the former appraisal represents material prepared in contemplation of litigation. Plaintiff contends that access to the document, which is rather detailed, is essential to enable it to adequately prepare for trial.

Without question, the subject appraisal enjoys qualified immunity as material prepared for litigation. The immunity, however, is merely conditional, not absolute. The material sought is not embraced within a privilege. The appraisal report was prepared by an expert witness, not by counsel, and is therefore subject to disclosure "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means" (CPLR 3101 [d] [2]; see, Fisch, New York Evidence §§ 472-475 [2d ed]).

As the Appellate Division, Second Department, noted in *Matter of Hicksville Props. v Board of Assessors* (116 AD2d 717, 718), a case involving a tax appraisal, materials "used for settlement negotiations and not intended for use at trial generally remain immune from discovery as material prepared solely for litigation (see, CPLR 3101 [d]; *First Natl. City Bank v State of New York*, 72 AD2d 762, 763; *Swartout v State of New York*, 44 AD2d 766; *Erie Lackawanna Ry. Co. v State of New York*, 54 AD2d 1089; *Matter of Town of Oyster Bay [Bruce]*, 54 AD2d 762). However, where an unfiled appraisal report was prepared by a party's trial expert and is inconsistent with his trial testimony, the unfiled report may be introduced into evidence

for impeachment purposes and used to cross-examine the witness (*see,* CPLR 4514; Richardson, Evidence § 502 [Prince 10th ed]; *Swartout v State of New York, supra; Matter of City of New York [Brooklyn Bridge Southwest Urban Renewal Project],* 50 Misc 2d 478, 480)." Likewise, in a similar case, the Appellate Division, Fourth Department, held that the Trial Justice "did not err in admitting an earlier appraisal report on the subject property prepared by another member of the appraisal firm in which petitioner's expert witness was employed. This report may be used, *at the court's discretion,* to impeach the witness' credibility as a prior inconsistent statement" (*Matter of Carriage House Motor Inn v City of Watertown,* 136 AD2d 895, 896, *affd* 72 NY2d 990 [emphasis added]). Thus, the salutary policy of encouraging settlement of valuation disputes in eminent domain proceedings does not obviate the evidentiary rule that allows a witness's prior inconsistent statement to be used to impeach his testimony at trial.

This Court has implicitly recognized that "a prior appraisal, prepared by the same expert" is material and relevant to the computation of a claimant's damages upon condemnation (*Gerosa Inc. v State of New York,* 180 AD2d 552, 553). Also, as the Appellate Division, Fourth Department, observed in *Brummer v State of New York* (25 AD2d 245, 247), "a party should not be permitted to obtain more than one appraisal and then use only the lower or lowest and withhold the other or others."

On plaintiff's motion before the Court of Claims seeking production of the document, the State essentially conceded that, should its expert witness take the stand, the previous appraisal prepared by the expert is admissible to impeach his testimony. On appeal, the State concedes that the only remaining question is whether the appraisal report should be disclosed prior to trial, as Supreme Court decided, or whether its production should await the close of plaintiff's case, as defendant argues. Both in its opposing papers and on appeal, the State insists, disingenuously, that it is not required either to go forward with its case or to call the expert witness to testify. It contends that the qualified immunity enjoyed by the prior appraisal is only lost "where the expert is called to testify and even then is only admissible if inconsistencies between the appraisals exist."

A difference in assessed value of $1,265,000 in the compensation to be paid for a property now valued by the State at $3,600,000 is an "inconsistency" as a matter of law. Furthermore, any award to the condemnee must be based upon the evidence adduced before the Court of Claims (*Matter of City of*

*New York [A. & W. Realty Corp.]*, 1 NY2d 428, 432). As we noted in *Gerosa*, "As to the damages awarded, 'the findings must either be within the range of the expert testimony or be supported by other evidence and adequately explained by the court' " (180 AD2d, *supra*, at 553, quoting *Matter of City of New York [Reiss]*, 55 NY2d 885, 886). In the absence of any "other evidence" alluded to by the State and in view of the statutory requirement that a written offer of compensation "shall state that: (1) the offer constitutes the amount of the condemnor's highest approved appraisal" (EDPL 304 [A] [1]), the State has no alternative but to introduce the expert testimony or default on its case.

The order entered by the Trial Justice is merely a ruling on the admissibility of evidence, which may be brought up for review on an appeal as of right (CPLR 5501 [a] [3]). As this Court has held, "A ruling made during the course of trial on the admissibility of evidence is not separately appealable" (*Kopstein v City of New York*, 87 AD2d 547; *see also, Roman v City of New York*, 187 AD2d 390). Defendant advances no reason why a ruling made on a motion in advance of trial is subject to different treatment (*Maguire v Rebaglia*, 232 AD2d 380; *Menis v Raksin*, 154 AD2d 357, 358; *Cotgreave v Public Adm'r of Imperial County*, 91 AD2d 600). However, the issue of the timing of the disclosure of the prior appraisal is presented as an abuse of discretion by the Court, thus presenting an arguably appealable issue (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406).

The ruling presented for appellate review is de minimis and well within the "wide discretion" accorded to a Trial Justice "to decide whether information sought is 'material and necessary' to the prosecution or defense of an action," subject to an abuse of discretion so clear as to present an issue of law (*supra*, at 406; *see also, Patron v Patron*, 40 NY2d 582). The rules governing discovery are "to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (*Allen v Crowell-Collier Publ. Co.*, *supra*, at 406). While, unlike the Court of Appeals, this Court's appellate jurisdiction is not restricted to matters of law, an appellant is supposed to demonstrate that an issue "involves some part of the merits" or "affects a substantial right" to warrant review as of right (CPLR 5701 [a] [2] [iv], [v]; *see*, Siegel, NY Prac § 526, at 816 [2d ed]). This matter does not concern the merits; both sides agreed on the criteria for use of the disputed evidence in the moving papers. The timing

of the disclosure of the appraisal will not affect a substantial right of the State; the introduction into evidence of the previous appraisal will be precluded should the State deliberately default in presenting a defense. Given that these facts were apparent on the motion, this appeal represents no more than a dilatory tactic on the part of defendant.

The broad appellate jurisdiction of this Court notwithstanding (CPLR 5701), entertaining this matter involves the Court in the micro-management of a trial. As the Trial Justice noted, no case brought to its attention concerns the timing of the disclosure of an item sought for use on cross-examination for impeachment purposes. The reason seems apparent. This is a ministerial matter bearing upon the court's control over its calendar, an area in which it is accorded considerable discretion in disposing of the business before it. Officious intermeddling by an appellate court in ministerial rulings by the Trial Justice does not promote the efficient administration of justice. In particular, defendant's suggestion that trial be adjourned following testimony by defendant's expert witness to permit plaintiff to review the former appraisal before conducting cross-examination is hardly calculated to promote judicial economy.

Accordingly, the appeal from the order of the Court of Claims (S. Michael Nadel, J.), entered March 11, 1999, which directed defendant to provide plaintiff with its expert witness' prior appraisal at least two weeks before trial, should be dismissed, without costs, as taken from a nonappealable order.