Henry W. Lengyel, J.
Claimants moved for an order, pursuant to subdivision (f) of CPLR 3102, permitting them to examine the State of New York and the two appraisers who prepared the appraisals of claimants’ property; or, in the alternative, for an order permitting them to subpoena the original appraisal prepared by the State.
Claimants’ real property was appropriated as part of the project denominated “ Interstate Route Connection No. 570-1-4.1, Erickson St. to City Line.” On October 1, 1968, the claimants agreed to accept a partial payment from the State in the sum of $26,250, which sum was 75% of $35,000, the amount determined by the Commissioner of Transportation to be the value of the appropriated property. The amount of this payment was based upon an appraisal prepared for the State.
However, when the appraisals filed pursuant to rule 25a of the Rules of the Court of Claims (22 NYCRR 1200.27) were exchanged, claimants’ counsel discovered that the State’s filed appraisal assigned a total damage in the sum of $15,450; or, substantially less than the partial payment offered to and accepted by the claimants. This filed appraisal was prepared by a second appraiser and the State advised the court it did not intend to present the initial appraiser as a trial witness.
If the initial appraisal was prepared solely for litigation and/or negotiation and possible settlement of this claim, it is not admissible as evidence in chief at the trial. Because of the decision in Brummer v. State of New York (25 A D 2d 245), we also consider the statutorily required 75% (now 100%) partial payment to be an integral part of the negotiation and possible settlement procedure. Of course, if the trial appraiser, or an appraiser in his appraisal firm, also prepared the initial appraisal, it may be used on cross-examination to impeach his *488 credibility by showing prior inconsistent statements. However* in thd instant situation, we apparently do not have such a possibility.
If, however, -the State utilized the untiled original appraisal ■ figures to obtain reimbursement from the Federal Government, we consider that said appraisal may be utilized at the trial as an admission against interest. Such use may be made of said appraisal even though the State subsequently utilized the same unfiled appraisal for negotiation and/or settlement purposes.
The State has advised ns by the affidavit of James-'F. Egan, an Associate Eight of Way Agent, that “ none of the Mary A. Man-waring appraisals were submitted to the Federal Government or to any other agency with a request for reimbursement under the Federal Interstate Highway Program. ” As we are not conversant with the Federal-State reimbursement procedures, we are not certain whether or not this statement begs the question. Claimants are entitled to know whether the figures developed by the original unfiled appraisal were used in any manner to obtain Federal reimbursement. If they were, then claimants are entitled to examine the appraisal upon which such figures were predicated and to utilize any admissions against interest contained -therein. We noted, at the bottom of -the second page of the partial payment agreement which was attached to the . motion papers, the statement r ‘ ‘ Bureau of Finance, f i natl system interstate hwys const etc. 002 1700 9244, $31,500.00; CONST RECONST ST HWYS AGQ PROP CURRENT 002 17 00 3004, $3,500.00; Dept, of Audit & Control, approved May 29, 1969, Irving Solomon, For the State Comptroller, Land Contract No. B10979.” This may or may not square with thd Egan affidavit. Claimants are entitled, to examine the records to determine the actual situation.
We do not, however, consider that the claimants have the right to examine independent expert appraisers retained by the State, whether their appraisals are filed or unfiled. If, of course, an unfiled appraisal was prepared, even in part, to obtain Federal reimbursement, by a Department of Transportation staff appraiser then said State employee may be examined before trial. Staff appraisers are not independent experts. They are State payroll employees, subject to all of the exigencies thereof, and as such may be examined.
We, therefore, direct that on or before July 17, 1972 at 10:00 a.m. the State of New York produce an employee with knowledge (emphasis added) for examination before trial as to the utilization of each and every portion of the initial appraisal, or any *489 other unfiled appraisal, for Federal reimbursement because of the appropriation of claimants’ property. The State is to produce all books, records, letters, papers, and/or other documeiits, relating to the Federal reimbursement for the construction of Interstate Route Connection No. 570-1-4.1, Erickson Street to city line, maps numbered 409, 410, and 435, County of Onondagfi. Said examination before trial shall be conducted at the Court of Claims courtrooms oil the 8th floor of the Syracuse State Office Building.