Howard T. Hogan, J.
In this proceeding in eminent domain, the claimants seek an order directing the petitioner, Town of Hempstead, to submit to an examination before trial.
The claimants seek such examination in order to establish a factual foundation for the receipt in evidence at the trial of a second appraisal made for petitioner in this proceeding on the basis that it w;as obtained and relied upon or adopted for a purpose other than negotiation for settlement or litigation. Claimants contend that if such factual foundation is established, such *559 second appraisal will be admissible in evidence at the trial as an admission against interest as to the petitioner.
The petitioner opposes on the sole ground that it did not adopt the second appraisal and that claimant has failed to specify the facts relating to such adoption. This contention merely makes a conclusory statement and begs the question. Whether or not petitioner adopted the second appraisal can only be developed through an examination of the petitioner.
An appraisal prepared solely for litigation or settlement negotiation or to establish a basis for partial payment is not admissible. However, an appraisal prepared for any other purpose may be admissible and subject to production if it has been used or adopted by the condemnor (Matter of City of New York [Bleeker St.], 43 Misc 2d 173; Sullivan v. State of New York, 57 Misc 2d 308; Matter of City of New York [Brooklyn Bridge Urban Renewal Project], 50 Misc 2d 478; City of Buffalo v. Strossi, 54 Misc 2d 1031; City of Buffalo v. Ives, 55 Misc 2d 730).
The only logical way of laying the foundation for admissibility ; adoption and utilization of the appraisal for purposes other than litigation, is to use the examination and discovery devices available before trial (Sullivan v. State of New York, supra). The authorities cited above however, seem to have limited the scope and definition, of the words ‘ ‘ used or adopted by the condemnor ” to those situations in which the second appraisal sought to be discovered was adopted or used for the funding of the acquisition or to obtain Federal loans for the project involved. We are of the opinion that such limited scope of the words “ adopted or used” is too constricting but this is the precise question presented in this matter. Claimants contend that the petitioner adopted or used the second appraisal they seek to discover for the funding of this acquisition. An examination before trial into this precise question is, therefore, in order.
This court is of the opinion, however, that claimants ’ request is somewhat broad and that the scope of the examination must be limited to the facts concerning adoption and use of the appraisal in question and the final value contained in the appraisal itself. Only those employees or officials of the town who have actual personal knowledge of the appraisal and its-use by the town may be questioned.
Accordingly, the motion is granted to the extent indicated. The petitioner is directed to submit to an examination before trial as an adverse party by such of its employees as described above no later than 15 days after date of entry of the order to be entered herein, at a time mutually convenient to the parties at the Supreme Courthouse, Mineóla, New York.