■ In the Matter of THE TOWN OF OYSTER BAY, Respondent, Relative To Acquiring Title to Real Property Bounded by Jericho Turnpike and

South Woods Road, in the Unincorporated Area of the Town of Oyster Bay, Syosset. EXECUTORS OF THE ESTATE OF AILSA M. BRUCE, Deceased Appellants.— In a condemnation proceeding, the claimants appeal from an order of the Supreme Court, Nassau County, entered May 26, 1976, which, *inter alia*, denied their motion to compel certain pretrial disclosure, without prejudice to renewal with respect to housing and planning studies, provided that their existence and relevancy are first demonstrated. Order modified (1) by adding to the first decretal paragraph thereof, immediately after the word "denied", the following: "except as to the so-called Blake appraisal", and (2) by adding thereto a provision that a hearing shall be held to determine whether the condemnor sent the Blake appraisal to the Federal Government, or to agencies thereof, in support of its application for financial assistance in the acquisition of the subject property for park purposes, and, if the condemnor did, it shall be directed to produce the said appraisal. As so modified, order affirmed, without costs or disbursements. Among other items, the claimants sought pretrial disclosure of certain appraisals which were prepared for the condemnor for purposes other than litigation, and/or which were not intended to be used upon the trial. The Blake appraisal was used by the condemnor in conjunction with an application to the Federal Government for financial assistance in the acquisition of the subject property for park purposes. The Smith appraisal was used by the condemnor in connection with its advance payment to the claimants. Pretrial production of the Smith appraisal was properly denied. It is exempt from disclosure and is otherwise inadmissible upon the trial as evidence in chief (see *Swartout v State of New York*, 44 AD2d 766; *Brummer v State of New York*, 25 AD2d 245; *Matter of Town of Hempstead [Near Point Lookout Malibu]*, 72 Misc 2d 558; *Matter of City of New York [Brooklyn Bridge Urban Renewal Project]*, 50 Misc 2d 478). The statutory advance payment appraisal may also qualify as material prepared for litigation, since the payment virtually presupposes a disagreement between the parties as to legal damages, which disagreement must be resolved upon a trial (see L 1971, ch 1161, § 1); the salutary concept behind such payments would be just as frustrated by pretrial production of the underlying appraisal report as by actual admission of the report into evidence. The Blake appraisal stands on a different footing. The particular purpose for which it was prepared and used does not render it immune from disclosure; even if, as appears, its independent author will not be called to testify upon the trial, the appraisal might still qualify as an admission against the condemnor's interest if it was adopted by the latter in its application for Federal funds. Since we cannot determine from the instant record with any certainty whether the condemnor actually sent the Blake appraisal report to the Federal Government in conjunction with its application for Federal funds, a hearing should be held on that issue. If it is determined that the report was submitted, then and only then should the condemnor be directed to produce it for claimants' examination (see *Matter of Town of Hempstead [Near Point Lookout Malibu]*, supra; *Matter of City of New York [Brooklyn Bridge Urban Renewal Project]*, supra; *Sullivan v State of New York*, 57 Misc 2d 308; cf. *Manwaring v State of New York*, 72 Misc 2d 486). This court's determination in *White Plains Urban Renewal Agency v Einhorn* (38 AD2d 979) is not to the contrary, since the appraisals there involved were submitted to the Government for internal budgeting purposes only and were subject to subsequent adjustment on the basis of the final judgment awarded in the condemnation proceeding. As to the remaining claims on this appeal, we agree with Special Term's characterization of the other disclosure requests as either improper or unreasonable and

burdensome, and with its holding that the claimants' right to disclosure under the Freedom of Information Law (Public Officers Law, § 85 *et seq.)* is a matter to be pursued in a CPLR article 78 proceeding. Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.