OPINION OF THE COURT
Jeremiah J. Moriarty, J.
In a project entitled County Line — Arcade, State Highway No. 1155, Wyoming County, the State of New York appropriated portions of claimant’s real property situate in the Village of Arcade, Wyoming County.
It appears from the moving papers, the defendant’s answering affidavit and oral testimony taken on a hearing on the motion that, although the highway project was Federally funded to the extent óf 70% of the cost of construction, no Federal dollars were used by the State in its acquisition of the right of way. In pretrial discovery proceedings, claimant learned that there were two appraisals of the subject property prepared by or on behalf of the defendant, and by appraisers other than the appraiser preparing the written appraisal ultimately filed by the defendant with this court and exchanged with the claimant pursuant to Rule 25a of the Rules of the Court of Claims (22 NYCRR 1200.27). It is undisputed that the prior appraisals were prepared for the purpose of negotiation and settlement.
By this motion, claimant seeks to discover and inspect these two prior appraisals. Because the cost of the acquisition of the right of way was not Federally funded in any regard, the appraisals in question were never actually submitted to the Federal Government as part of an application for Federal funds. Nevertheless, claimant contends that under applicable Federal statutes and regulations, particularly the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (US Code, tit 42, § 4601 et seq.) (hereafter UR-PAA), the State, upon its application for Federal construction funds, was required to undertake those prior appraisals and hold them subject to inspection by the Federal Government. *1031 Claimant further contends that since the appraisals were thus utilized in connection with an application for Federal funds, the values found therein were adopted by the State and are discoverable and admissible upon trial under the admissions exception to the rule against hearsay.
It is the general rule that prior appraisals, prepared by appraisers other than the one who prepared the appraisal submitted for exchange, are not admissible and thus are not subject to discovery. (Matter of City of New York [Southwest Urban Renewal Project], 50 Misc 2d 478.) The reason for the rule is that such appraisals are hearsay and, since they are merely an opinion of value by an expert, are not admissions of a party unless acknowledged or adopted by that party. Use by a party of prior appraisals for the purpose of negotiation and settlement does not constitute such an acknowledgment or adoption.
 Appraisals so used are neither admissible nor discoverable, pursuant to CPLR 3101 (subd [d]), as material prepared for litigation. (Swartout v State of New York, 44 AD2d 766.) And pursuant to the rule that in order to encourage out-of-court settlement of controversies, offers of settlement do not constitute an admission of liability. (Richardson, Evidence [10th ed], § 225; Matter of City of New York [Southwest Urban Renewal Project], supra.)
To succeed upon this motion, claimant must show that the State has "vouched for its authenticity” (Erie Lackawanna Ry. Co. v State of New York, 54 AD2d 1089, 1090); or that the appraisals have been used "in conjunction with its application for Federal funds”. (Matter of Town of Oyster Bay [Jericho Turnpike], 54 AD2d 762.)
The court has carefully considered the relevant sections of the URPAA. Section 4651 requires that in acquiring real property from landowners, heads of Federal agencies must attempt to acquire the property by negotiation and pursuant to those negotiations, prepare an appraisal of the property and utilize that appraisal as the basis of an offer to the owner. The purposes of those requirements were stated by Congress in the preamble to section 4651: "In order to encourage and expedite the acquisition of real property by agreements with owners, to avoid litigation and relieve congestion in the courts, to assure consistent treatment for owners in the many Federal programs, and to promote public confidence in Federal land acquisition practices, heads of Federal agencies *1032 shall, to the greatest extent practicable, be guided by the following policies:”
Section 4655 of the same act requires State agencies which apply for financial assistance to pay all or part of the cost of any program or project which results in the acquisition of real property to assure the Federal Government that the land acquisition policies of section 4651 have been adhered to. The requirement is that the State must assure the Federal Government that it has attempted to negotiate settlement with the property owner based upon an appraisal of the value of the property.
Claimant submitted, as Exhibit A attached to the moving papers, a letter from Victor E. Taylor, Regional Administrator of the Federal Highway Administration. He stated, in essence, that with regard to State highway projects which utilize Federal construction funds only, to the exclusion of Federal funds for right of way acquisition, the State must certify, among other things, that the right of way acquisition complies with the Federal standards. And he further stated that such acquisition and the appraisals made therefor are not reviewed in detail but that a spot check is made on selected projects. This assertion as to Federal spot checks upon State appraisal practices was disputed by Anthony J. Casimo, the Principal Right-of-Way Agent for the New York State Department of Transportation. It was his testimony upon the hearing that he had "never known the Federal Government to review a file in which there is no Federal participation in the right-of-way class.”
Claimant’s counsel concedes that the appraisals in question were never submitted to the Federal Government, and there is no claim that the Federal Government attempted in any way to inspect the two appraisals which are the subject of this motion. It is contended that merely because an official of the Federal Government asserts that those appraisals were subject to Federal inspection upon the State’s application for Federal construction funds, that the State thereby adopted these appraisals and they are therefore subject to discovery. Assuming that the URPAA is applicable herein (the State, through Mr. Casimo’s testimony, admits as much although our independent research disclosed contrary authority, see Rhodes v City of Chicago, 516 F2d 1373); and even assuming the right of the Federal Government to inspect the two appraisals under authority of that act (a disputed fact), we nevertheless *1033 hold that such use of the appraisals does not constitute an adoption of them by the State which results in their being subject to disclosure.
 The primary purpose of the appraisal requirements of the URPAA is to encourage out-of-court settlement of land appropriations by Federal agencies, or by State agencies where projects are Federally funded. (US Code, tit 42, § 4651.) The primary purpose of the rule in this State that offers of settlement as well as appraisals which are the basis of such offers are inadmissible is likewise to encourage out-of-court settlement of disputes as to value which arise upon land appropriation proceedings. To grant the relief requested by claimant, upon the grounds that an appraisal prepared by the State for the purpose of negotiation and settlement happens to satisfy as well a Federal appraisal policy designed to promote negotiations on settlement, would effectively undermine not only the policy of the law upon which the rule of evidence above mentioned is based, but the policy of Uniform Relocation Assistance and Real Property Acquisition Policies Act as well.
We disagree with the claimant’s position and deny the motion to discover the two prior appraisals so prepared for and by the defendant.