OPINION OF THE COURT
Jeremiah J. Moriarty, J.
On March 24,1976, pursuant to section 3.19 of the Parks and Recreation Law, and for the purposes of the Office of Parks and Recreation, the State of New York appropriated all of claimant’s real property located in the Town of Red House, Cattaraugus County. The property is located within the perimeter of the Allegany State Park, and was acquired for park purposes.
Upon the trial of the claim for appropriation, claimant marked for identification, and offered in evidence, a document. The State objected to the admission of the exhibit, and on the trial, this court reserved decision on its admissibility. Another copy of the document with the dollar amounts blanked out was marked for identification, and taken under consideration by the court. After due deliberation, and receipt and examination of briefs by both parties, and considerable research on its own, the court decided to, and did, receive the document in evidence.
The purpose of this separate opinion is to explain the court’s reasoning for the receipt of the document, and the appraised compensation set forth therein.
When this court determined to receive the document, and to consider it in its deliberations in making an award to the claimant for the appropriation, our decision was *1044 communicated to counsel for both sides by a letter dated May 9, 1980. In that letter, it was indicated to the State that in all fairness it should have the opportunity, if it was so advised, to explain the values set forth in the document, the amount of which the court was not at that point aware. It was indicated to the State that the court would entertain an application to reopen the evidence for whatever testimony, or other evidence, the State desired to submit in explanation of the value set forth in the document. On June 3,1980, counsel for both the claimant and the State appeared in this court, and the State indicated it did not desire to offer anything further. The court stated it considered the evidence closed.
It is the claimant’s position that the exhibit is admissible as an extrajudicial admission, on the part of the defendant, which is inconsistent with the low appraisal filed by the State, and testified to and received in evidence at the trial. It is the State’s position, primarily, that the document is an offer to compromise and settle an appropriation claim, and hence is not admissible for that reason under the decision in Brummer v State of New York (25 AD2d 245).
The document is entitled “Statement of Just Compensation”. It recites in the fourth paragraph that it is “In compliance with Section 301 of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, Public Law 91-646” (hereafter URPAA), Federal legislation enacted in 1970. This legislation states its purpose to be: “In order to encourage and expedite the acquisition of real property by agreements with owners, to avoid litigation and relieve congestion in the courts, to assure consistent treatment for owners in the many Federal programs, and to promote public confidence in Federal land acquisition practices” (US Code, tit 42, § 4651). As the Parks and Recreation Law was structured at the date of this acquisition, this “Statement of Just Compensation” was not required under the provisions of section 3.19 of that law (see L 1972, ch 660). There is no evidence in this record that the Allegany State Park acquisitions were in any way connected with a Federal project. It would appear then that the Office of Parks and Recreation vol *1045 untarily opted to comply with the guidelines promulgated in the Federal legislation. As such, this court could reasonably find that it is a voluntary admission. We can find no New York law on the question of the admissibility of such a form.
The settled law that an advance payment agreement, and the appraisal reports which formed the basis of the value therein, are inadmissible is based on four major considerations:
1. The agreement states on its face that it is not evidence of value, and this provision has been held to be binding on the parties. (Brummer v State of New York, supra.)
2. The appraisal reports are work product and not discoverable as such unless adopted for another purpose— making them admissions. (Sullivan v State of New York, 57 Misc 2d 308, 310-311.)
3. The appraisal reports are hearsay statements of value by an expert (not available for cross-examination) and not adopted by the condemnor. (Matter of City of New York [Brooklyn Bridge Southwest Urban Renewal Project], 50 Misc 2d 478.)
4. The statement of value in the advance payment agreements are offers for settlement purposes and excluded for public policy reasons, as settlements are to be encouraged; and such offers may of necessity include an increment of value attributable to the desire to prevent litigation. (Miller v State of New York, 91 Misc 2d 1028.)
In the context of this “Statement of Just Compensation”, many of the considerations requiring exclusion are less compelling.
As held in Brummer (supra), the parties to an advance payment contract that the statements therein are not evidence of value. This agreement is binding on the parties. (Murphy v State of New York, 29 AD2d 81.) However, the “Statement of Just Compensation” is a unilateral offer. It states on its face that it is “an estimate of just compensation in the amount of $ —.” Made “in compliance with Section 301 of the URPAA of 1970”, it *1046 does not purport to bind either party to any restrictions of its use.
The common situation in which this exclusionary rule surfaces is on a motion by claimant to discover prior appraisals prepared for the State. The appraisals are not discoverable because they are prepared for litigation, or in anticipation of litigation, are unadopted and not intended to be used at trial. Here, we are presented with a different situation. The claimants are not seeking to discover privileged matter, but are seeking to introduce an admission made by a party voluntarily, and in the possession of the claimant. The assertions of privilege should not be applicable to such a voluntary, published admission.
Certainly, statements of value made by an expert are hearsay, or opinion, evidence. As such, absent adoption by the State, appraisals which are not exchanged or intended to be used at trial are not competent evidence against the State. (Sullivan v State of New York, supra.)
On the face of this form is the recitation, “This amount is based on a State-approved appraisal prepared for the acquiring agency and represents the full amount of the approved valuation” (emphasis added). Although typically the courts find adoption of the appraisal in the context of its use in dealing with a third party (e.g., application for Federal funds), such a restricted interpretation is not required. In Matter of Town of Hempstead (Near Point Lookout Malibu) (72 Misc 2d 558, 559), the court stated: “The authorities cited above however, seem to have limited the scope and definition of the words ‘used or adopted by the condemnor’ to those situations in which the second appraisal sought to be discovered was adopted or used for the funding of the acquisition or to obtain Federal loans for the project involved. We are of the opinion that such limited scope of the words ‘adopted or used’ is too constricting”.
In the evidentiary question before this court, it seems unnecessary for the court to rule on the requirements for a finding of “adoption”, the form asserts State approval of the appraisal and its determination as to value.
The fact that the appraiser may not be available *1047 for cross-examination at trial should not be fatal. It is the claimant who is seeking to introduce the evidence. The State is free to explain or correct the value it previously admitted. This evidence is rebuttable on any factual basis. The State’s appraiser can testify as to the basis for his differing opinion. The State should not be allowed to make an admission, and then deny it, without placing its credibility before the trier of fact. (Reed v McCord, 160 NY 330, 341.)
Offers made in the course of settlement negotiations are not competent evidence as to the value of a claim. This is based on the public policy aimed at encouraging settlement and in recognition of the fact that concessions may be made to buy one’s peace, without reflecting the true value of the claim. The condemnor may be willing to pay an additional increment to save the expense, etc., of litigation.
This exclusionary rule has not been interpreted to exclude admission of facts independent of the offer to compromise. Such admissions are competent evidence since they were not necessary to the settlement negotiations, and are probative of the issue of value.
The treatises consider offers to purchase made by the party who subsequently took land by condemnation as inadmissible, for the above-mentioned reasons. The case law cited in support of such an interpretation is distinguishable, since the offers could not be construed as statements as to actual value of the claim. (4 Nichols, Eminent Domain, § 12.311, subd [2]; 21 NY Jur, § 210.) Subdivision (2) of section 12.311 of volume 4 of Nichols on Eminent Domain states: “However, statements made in the process of making an offer, concerning facts involved in the controversy which are not mere concessions made for the purpose of such an offer, are admissible against the party making them.”
As recited in the memoranda submitted by counsel, there is a split of opinion in the Federal Circuit Court of Appeals regarding the admissibility of the statements of just compensation provided under the 1970 act. The Fifth Circuit, on October 31, 1979, in United States v 320.0 Acres of Land More or Less in County of Monroe, State of Florida *1048 (605 F2d 762, 825) held that the statements were admissible as they “represent the bottom line — the sum which the Government believes the landowner is constitutionally entitled to.”
“For, under § 4651, they are simply ‘statements’ of the ‘amount established as just compensation’ after an approved appraisal of the fair market value of the property; they are not ‘offers,’ which under § 4651 may well be for more than the appraised fair market value * * * they represent what the Government believes it will have to pay in any event after incurring the costs of a condemnation proceeding.”
The holding of the Fifth Circuit is a well-reasoned, cogent analysis of the reasonable intent and ramifications of the statement of just compensation. It acknowledges the holding in the Fouth Circuit in Washington Metropolitan Area Tr. Auth. v One Parcel of Land in Montgomery County, Maryland (548 F2d 1130), but finds that the Fourth Circuit appeared to be ruling on the admissibility of an “offer” and not the statement of just compensation. It is difficult to ascertain from the Fourth Circuit decision whether the evidence excluded was an offer, or the statement of just compensation. The court’s reasoning, however, lends credence to the conclusion of the Fifth Circuit, finding that the Fourth Circuit ruling was made with reference to a settlement offer. The considerations cited by the Fourth Circuit Court of Appeals are meritorious when made with reference to a settlement offer, but lose most of their impact when the statement of just compensation is at issue.
Contrary to the finding of the Fourth Circuit, and an important consideration in the New York case law, admission into evidence of the statements of just compensation would not create an artificially high minimum for the court to consider. It may encourage a more realistic range of values, and more productive, enlightening testimony than the exaggerated extremes currently being presented by opposing experts. Fair treatment of, and just compensation to, the previous owners are the goals of the Federal act.
We find additional support for our opinion herein in the enactment by the Legislature of article 3 of the Eminent *1049 Domain Procedure Law (L 1977, ch 839, eff July 1, 1978). This too contemplates fair and decent treatment of, and just compensation to, property owners.