*363 OPINION OF THE COURT
Jerome C. Gorski, J.
This matter comes before this court by way of petitioner’s motion to quash a subpoena served upon nonparties Jared C. Workman and James R. Militello by counsel for several respondents, Michael G. Wolfgang, Mr. Workman and Mr. Militello were employed by Frank A. Pirritano, and in such capacity, prepared the pretaking appraisals for petitioner. Respondents oppose said relief and maintain that the depositions are necessary to determine whether Mr. Klauk, the litigation appraiser, has ever rendered any opinions relative to the value of the properties which are the subject of several claims before this court. In an effort to expedite this matter, counsel for the parties agreed to let Mr. Klauk’s files be reviewed by this court, in camera, to determine if there is evidence that Mr. Klauk in any way "prepared” the Pirritano appraisals.
The rule in New York is that an appraisal prepared by an expert witness who is not called as a witness and which was intended to be used solely for litigation, or for negotiation in an effort to accomplish a settlement prior to trial, or to establish a basis for a pretaking advance payment is not admissible at trial, as the appraisal enjoys a conditional immunity from disclosure as material prepared for litigation per CPLR 3101 (d). (Swartout v State of New York, 44 AD2d 766 [4th Dept 1974]; Sullivan v State of New York, 57 Misc 2d 308 [1968].) The one exception to that rule is that all appraisals prepared by an expert witness who is called to testify must be produced as such are admissible when used to impeach said witness’s credibility by developing prior statements inconsistent with his testimony at trial. (See, Sullivan v State of New York, supra.)
It is petitioner’s position that Mr. Klauk, the litigation appraiser in the claims at bar, acted in a limited manner in the initial pretaking stages, in a role of "review appraiser”; confined to reviewing the already prepared reports for the purposes of checking for mathematical errors and insuring consistency among the appraisals. Petitioner further avers that Mr. Klauk did not prepare drafts of the pretaking appraisals, and did no independent valuations. Petitioners conclude that because Mr. Klauk did not prepare the appraisals, the pretaking appraisals do not represent his statements, and they remain immune from disclosure.
The respondents claim that for a fee of $15,000 Mr. Klauk *364 had to have done something other than "checked the math” as claimed by the petitioner. Respondents argue that Mr. Klauk’s work product had to encompass an opinion of value or an opinion of the propriety of the pretaking appraiser’s values. Because an opinion of value could be a prior inconsistent statement, respondent requests any and all statements which indicate Mr. Klauk’s opinion of the value of the contested property.
Neither party is able to supply this court with case law describing a situation quite like the one at bar, wherein the litigation appraiser was also the "review” in the pretaking stage of the project.
Because earlier courts have relied so heavily on the concept of allowing, for impeachment purposes, the discovery of prior inconsistent statements by the opposing party, this court must conclude that statements made prior to the within litigation by the litigation appraiser relative to the value of the contested properties may form the basis to permit discovery thereof. (See, Sullivan v State of New York, supra; Matter of Carriage House Motor Inn v City of Watertown, 136 AD2d 895 [4th Dept 1988].)
In review of the in camera records of Mr. Klauk, it is apparent that he has rendered prior opinions regarding the value of the subject properties, and that during the pretaking phase of the condemnation, Mr. Klauk gave specific directions to the pretaking appraiser with regard to the content and wording of his appraisals, as well as the standards the appraiser should use in reaching his conclusions. Mr. Klauk’s work is, therefore, so inextricably intertwined into the pretaking appraisals that those appraisals prepared by Mr. Pirritano, as well as the files of Mr. Klauk that were subject to this court’s in camera review, should be made available to the respondents as part of discovery.
The files of Mr. Klauk will be held at chambers until this court is advised by counsel for the petitioner whether or not the petitioner will appeal this decision to the Fourth Department.